HENRY WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. HENRY WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WINFRED T. WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

F. A. WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12080–12082, 28664–28666, 35075.   Promulgated June 29, 1929.

*W. W. Spalding, Esq.*, and *Robert A. Littleton, Esq.*, for the petitioners.
*Brice Toole, Esq.*, for the respondent.

1284

OPINION.

MURDOCK: The Commissioner's deficiency notices upon which the present proceedings are based do not disclose the method by which the Commissioner arrived at each deficiency, but, except in the case of Mrs. Henry Wilson, state that the explanation of the adjustments made in the determination of the taxpayer's income-tax liabilities is set forth in certain office letters. In no instance have the petitioners put in evidence the office letters referred to in the deficiency notices. They did, however, offer in evidence revenue agents' reports in which certain proposed deficiencies for the years involved were set forth. The offers of these reports were objected to by the respondent and we have sustained the objections because the connection, if any, between the determinations of the

Commissioner and the adjustments proposed by the revenue agent was never shown.

In cases where revenue agents' reports are offered in evidence, they can not be regarded as proof of what the Commissioner did unless they are in some way identified with the determination of the Commissioner. We have heretofore had occasion to consider similar situations. For example, in *Findlay Dairy Co.*, 2 B. T. A. 917, we held as follows:

The taxpayer also failed to allege in his petition or to submit as a matter of proof what action had been taken by the Commissioner with reference to the determination of the deficiency here in question. The Board is wholly uninformed, except by surmise, as to what the Commissioner did in connection with the audit of the taxpayer's return. The taxpayer alleged four errors committed by the Commissioner, but wholly failed to state any facts showing that the Commissioner had done anything with respect to its return other than to determine the deficiency here in question, or to state facts upon which, if proven, the Board could find that the Commissioner had erred. Under these circumstances the determination of the Commissioner must be approved.

In *Capital Securities Co.*, 3 B. T. A. 75, we made the following statement:

We believe it advisable to point out that we are wholly uninformed as to the value attributed by the Commissioner to the taxpayer's property and to the rates of depreciation used in determining the tax liability. The statement attached to the deficiency letter discloses that the deficiency was based on a revenue agent's report. No effort was made to advise us of the values and rates set forth therein which were the basis of the Commissioner's determination. It is evident, we believe, that we can not find that the Commissioner erred unless we are first informed as to what he did in committing the error of which the taxpayer complains.

In *S. L. Becker*, 8 B. T. A. 65, we held that a revenue agent's report not shown to have been used by the Commissioner was irrelevant and immaterial as to an issue to which the taxpayer claimed it related. Cf. *Bruce & Human Drug Co.*, 1 B. T. A. 342; *J. M. Lyon*, 1 B. T. A. 378; *Insley Manufacturing Co.*, 1 B. T. A. 1029; *Acorn Refining Co.*, 2 B. T. A. 253; *Wernecke-Schmitz Hardware Co.*, 2 B. T. A. 914; *G. A. Miller*, 6 B. T. A. 401; *Workingman's Cooperative Association*, 9 B. T. A. 385.

In some of the cases above referred to it was apparent that revenue agents' reports were the basis of the Commissioner's determination, but where this essential link between the determination of the Commissioner and the report of the revenue agent is missing, the Board can not assume that adjustments contained in the revenue agent's report have been carried into the Commissioner's ultimate computation of the deficiencies. Such an assumption we believe would be unjustified, even in cases where the revenue agent in his report proposed a deficiency which coincides in amount with the

deficiency determined by the Commissioner. This is so for several reasons, one of which would be that the revenue agent might make a proper adjustment but assign an improper reason therefor, and if the Commissioner should adopt the adjustment but assign a proper reason therefor, the taxpayer would merely be knocking down his own straw man if he confined his allegation of error and his proof to the adjustment and explanation contained in the revenue agent's report. Likewise, the Commissioner might arrive at the same deficiency by entirely different adjustments.

Thus, in regard to most of the errors alleged by the petitioners in these proceedings there is nothing to show what the Commissioner did or that he made the adjustments which are alleged to be erroneous. Why then should we say he erred? On these issues we sustain the Commissioner. The respondent in his answer admitted that he made certain adjustments which the petitioners had alleged were erroneous and we now proceed to consider the issues thus raised.

It is admitted by the respondent that he diminished the partnership income of Wilson Brothers & Co. for the year 1922 by the amount of $1,148.44, which, owing to the fact that the partnership was on an accrual basis, he transferred to the year 1921, the year in which such item accrued, but the respondent denies that the partners returned in the year 1922 their proportionate shares of the amount transferred. The testimony shows, however, that the partners rendered their individual returns for the year 1922 on the basis of their respective distributable shares of the profits prior to the adjustment of this item. Therefore the failure to diminish the individual partner's income by their proportionate share of this amount for the year 1922 was error and, accordingly, an adjustment on account of this item must be made in the cases of the petitioners Henry Wilson, W. T. Wilson and F. A. Wilson for the year 1922.

The petitioners, F. A. Wilson and W. T. Wilson, allege as error, the failure of the Commissioner to compute the profit on the sale of certain timber by taking as a basis the valuation of the same as of January 2, 1918, the date when the petitioners were given an interest in a partnership of which the timber was an asset. The respondent admits that, in computing the gain from the sale of this timber, he did not take into consideration the fair market value of the property as of January 2, 1918. The Revenue Act of 1921, section 202 (a) (2) and the Revenue Act of 1924, section 204 (a) (4) provide that the basis for the determination of gain or loss on the sale of property acquired by gift subsequent to February 28, 1913, and on or before December 31, 1920, shall be the fair market price or value of such property at the time of such acquisition. See *Abraham B. Johnson et al.*, 7 B. T. A. 820. However, it does not

follow that this provision of the Revenue Act is controlling here. We do not know exactly what happened on January 2, 1918, in regard to the interest acquired by the two petitioners, but in any event each did not acquire any more than the interest of a partner in partnership assets, i. e., assets of the new partnership then formed which continued the business of the old without liquidation. We can not assume that the only asset which the partnership had was the timber in question and we do not decide what the result would be if this were a fact. When and if the two petitioners dispose of their interests in the partnerships, which are the things they acquired by gift from their father on January 2, 1918, then of course in computing the gain to them from the transaction they will be entitled to deduct from the sales price the fair market value on January 2, 1918, of the subject of the two transactions. But here the timber sold was only one of the assets of the partnership and the question is whether or not the Commissioner, in computing the distributive shares of the net income of the partnership, must, as a general principle, take into consideration and make adjustments for the fact that each asset of the partnership might have different bases for gain or loss on a sale if it were distributed proportionately among the partners as individuals so that each owned an undivided interest therein.

It is a well recognized principle that the title to partnership property is not in the individual members of the firm so that either may assign or transfer to another an undivided share in any specific articles, but it is in the firm as an entirety, subject to the right of the partners to have it applied to the payment of the debts of the firm and the equities of the partners. See Modern Law of Partnership, Rowley, sec. 291 et seq., for discussion and citation of cases. See also *Sam Harris*, 11 B. T. A. 871. The revenue acts provide that each partner shall report his distributive share of the net income of the partnership. They do not specifically provide that, in computing the net income of the partnership, consideration shall be given to the fact that the interests of the partners in the partnership and the partnership assets may have cost the various partners different amounts or may have had different values at the time acquired. Cf. *Alpin J. Cameron et al.*, 8 B. T. A. 120. In the present case we see no reason to hold that the Commissioner must use a different basis for computing the net income of the partnership for the sale of the timber when he attempts to tax one of the partners for his distributive share of the net income of the partnership during the year or years that the partnership is receiving payment for the timber than he would use in the case of any other partner. This is particularly true where, as here, we do not know whether or not the partnership agreement recognized or made any provision for the fact,

if it was a fact, that the timber in question was worth more at the time that the petitioners acquired their interest in the partnership than it was at the time that certain other partners acquired their interests in the preceding partnership.

F. A. Wilson, who was called as a witness, stated that the partnership, in preparation for a suit in admiralty against the steamer *Newport* on account of the collision, set up on its books not only the cost of the repairs to the *Svea*, but also 5 per cent commission for supervising the repairs. In this connection he made the following statement:

There was some doubt as to whether the commission was properly chargeable or not where repairs were made in the home port and, accordingly, the United States Commissioner who had charge of the adjustment of the damages in this case disallowed this particular item.

He also stated that the action against the steamship *Newport* was still pending, but that the commission had been finally disallowed by the court. It appears, therefore, that the partnership had set up the amount of the commission on its books, and that it did not include it in its taxable income for 1924, but the Commissioner added the amount to the income of the partnership for the year 1924.

It is true, of course, that the partnership never received the amount of this commission, but in an accrual system of accounting the accrual of an amount does not depend upon actual receipt, *Ernest M. Bull, Executor*, 7 B. T. A. 993, but rather upon the fact that. in all reasonable probability the amount will be received. The petitioners have failed to prove that in 1924 there was not a reasonable certainty of its ultimate receipt. This being so we must affirm the Commissioner.

With respect to the contributions made in the year 1924 by the petitioner, F. A. Wilson, to the Alpha Tau Omega Association, no evidence was introduced to show the character of this association and we can not take judicial notice of its purpose and character. *Francis Cooley Hall et al., Executors*, 2 B. T. A. 931. Nor do we know what other contributions this petitioner may have made that would be deductible from gross income; hence, we are unable to apply the 15 per cent limitation on such contribution provided for by statute. This deduction must be disallowed. The petitioner W. T. Wilson waived this point.

The case of Mrs. Henry Wilson falls within a different category. Two years are involved, the year 1922 and the year 1923. The petitioner alleged that she had filed a consent in writing covering the year 1922, extending the statutory period of limitations to December 31, 1927. Under the four-year limitation the Commissioner would have had until some time in 1928 within which to make an assessment for the year 1923. The evidence does not dis-

close when the return for that year was filed. On the 27th of December, 1927, the Commissioner addressed a deficiency notice to the petitioner covering the two years 1922 and 1923. This notice was registered in accordance with the statute, but was addressed to the petitioner at an address at which she had never resided and, accordingly, such notice was returned by the Post Office Department as undeliverable. Thereafter, and on January 23, 1928, the Bureau of Internal Revenue, but not the Commissioner himself, addressed an informal notice to the petitioner, in which a copy of the original notice was enclosed and in which she was advised that there had been a compliance with the provisions of section 274 (a) of the Revenue Act of 1926 by the registration of the deficiency notice and that the Bureau was desirous of forwarding the information in order that the petitioner might avail herself of the privilege of filing an appeal. The statement was made that the 60-day period began December 27, 1927, the date the notice was originally mailed to the petitioner. This second letter was not registered.

The petitioner's counsel in his brief argues that there are separate issues in respect to each of the years referred to in the deficiency notice. While he does not make it clear what his contention is with respect to the year 1922, it appears to be that the statute of limitations had expired on the date of the remailing and that the first mailing was a nullity. With respect to the year 1923 the petitioner contends that the deficiency notice could only be mailed under the provisions of section 283 (a) of the Revenue Act of 1926, and not under section 274 (a) of the same Act. We can not see that it is a matter of any great importance herein whether the deficiency notice was mailed under one or the other of the sections just above referred to.

It is clear from the evidence that the address used by the Commissioner in the issuance of the original deficiency notice was not, and never had been, the residence or other address of the petitioner. Under several of our prior decisions such mailing could not be considered a compliance with the provisions of section 274 (a) of the Revenue Act of 1926, and consequently could not be considered a compliance with the provisions of section 283 (a) of the same Act. See *Walter G. Morgan*, 5 B. T. A. 1035; *Utah Orpheum Co.*, 6 B. T. A. 343; *Wyoming Central Association*, 8 B. T. A. 1064; *W. S. Trefry*, 10 B. T. A. 134. The petitioner also calls attention in her brief to our decision in the case of *Henry M. Day*, 12 B. T. A. 161. This last decision is somewhat different from those previously cited, in that a deficiency notice was attempted to be delivered by hand, and we held that the method of notice provided by statute was exclusive, with the result that no other method, though it might be

effectual in giving actual notice, could be deemed to be a compliance with the statute.

Since the original mailing did not under our decisions constitute such a notice as the statute contemplates, in that it was not mailed to the correct address, and since the second notice enclosing the first did not constitute a compliance with the statute in that it was not registered, it is apparent that no notice, either for the year 1922 or 1923, such as that provided for by statute, was ever sent to the petitioner. As a consequence, we must hold that there is no basis for a proceeding before this Board in the case of this petitioner for either of the years 1922 or 1923, and, being without jurisdiction, we dismiss the proceeding.

Reviewed by the Board.

> *In the case of Mrs. Henry Wilson order of dismissal will be entered. In the cases of the other petitioners, judgment may be entered under Rule 50.*

SMITH and LOVE dissent.

ARUNDELL dissents on the last point concerning the matter of the dismissal of the proceeding filed by Mrs. Henry Wilson.