450

WILLIAM M. GREVE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75686.   Promulgated March 9, 1938.

*Lawrence A. Baker, Esq.*, and *Henry Ravenel, Esq.*, for the petitioner.

*F. D. Strader, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: The facts in this case are quite similar to those in the case of *Henry Wilson*, 16 B. T. A. 1280. In that case the respondent sent a notice of deficiency by registered mail addressed to Mrs. Henry Wilson at 110 Market St., Oakland, California. She had never lived at that address, and the notice was returned undelivered to the respondent and was remailed by ordinary mail addressed to the petitioner at 110 Market St., San Francisco, California. The latter address was the business address of a partnership of which the petitioner's husband was a member. The second letter, with its enclosures, was received by the petitioner. We held, on the facts in the *Wilson* case, that no statutory deficiency notice had been sent to the petitioner and that we had no jurisdiction. The opinion on the jurisdictional question reads as follows:

It is clear from the evidence that the address used by the Commissioner in the issuance of the original deficiency notice was not, and never had been, the residence or other address of the petitioner. Under several of our prior decisions such mailing could not be considered a compliance with the provisions of section 274 (a) of the Revenue Act of 1926, and consequently could not be considered a compliance with the provisions of, section 283 (a) of the same Act. See *Walter G. Morgan*, 5 B. T. A. 1035; *Utah, Orpheum Co.*, 6 B. T. A. 343; *Wyoming Central Association*, 8 B. T. A. 1064; *W. S. Trefry*, 10 B. T. A. 134. The petitioner also calls attention in her brief to our decision in the case of *Henry M. Day*, 12 B. T. A. 161. This last decision is somewhat different from those previously cited, in that a deficiency notice was attempted to be delivered by hand, and we held that the method of notice provided by statute was exclusive, with the result that no other method, though it might be effectual in giving actual notice, could be deemed to be a compliance with the statute.

Since the original mailing did not under our decisions constitute such a notice as the statute contemplates, in that it was not mailed to the correct address, and since the second notice enclosing the first did not constitute a compliance with the statute in that it was not registered, it is apparent that no notice, either for the year 1922 or 1923, such as that provided for by statute, was ever sent to the petitioner. As a consequence, we must hold that there is no basis for a proceeding before this Board in the case of this petitioner for either of the years 1922 or 1923, and, being without jurisdiction, we dismiss the proceeding.

The reasoning quoted above is applicable here. The original mailing, having been directed to a wrong address, did not constitute a statutory notice of deficiency, and the second notice did not constitute a compliance with the statute in that it was not registered. There having been no statutory notice of deficiency, there was no basis for a proceeding before this Board, and, being without jurisdiction, we must dismiss the proceeding. Our memorandum opinion previously entered was based largely on the case of *Corinne Porter Scruggs, Executrix*, 29 B. T. A. 1102, in which the notice of deficiency, although not addressed to the proper person, was sent by registered mail as required by the statute and came into the hands of the petitioner. The facts in that case are readily distinguishable from those in this case and in the *Wilson* case, *supra*, and the conclusion reached in the *Scruggs* case, based on the facts therein, is not decisive of the question raised on the facts present in this proceeding.

Cases cited by the respondent are also distinguishable. In *Commissioner* v. *New York Trust Co.*, 54 Fed. (2d) 463, the notice of deficiency was actually received by the taxpayer and no question of error in the notice was raised until the case came on for trial before the Board. In that case the trustee was "the taxpayer." Some of the communications prior to the formal determination of a deficiency had been addressed by the Commissioner to the beneficiary in care of the trustee and some to the trustee. All, including the deficiency notice, were directed to the correct address of the trustee and were received by it. The court pointed out that "the notice of deficiency was not only received by the taxpayer, but it apparently was fully understood as referring to the liability of the trust company as trustee for this beneficiary." In its petition in that case the trustee raised no question as to the adequacy of the deficiency notice or as to jurisdiction. The court took the view that the filing of the petition was in effect a general appearance by which the petitioner, by invoking jurisdiction, waived any defect in the notice. It was held that under the facts there the taxpayer would not be permitted to change its position in an effort to prevent the collection of the tax. We need not here pass on the matter of whether a taxpayer can waive defects in a notice and thereby confer jurisdiction. It is plain that in this case there has been no waiver. The Commissioner was put on notice of error in his deficiency letter

when the postal authorities were unable to deliver it. He was given further notice of his error and also notice that there was no waiver of the error when Baker returned the letter to the Commissioner. These matters occurred within the statutory period and the Commissioner then had ample time to send a proper notice. No change of position can be charged against this taxpayer. He has maintained at all times that there was no proper notice of deficiency. Nor can it be said that he entered a general appearance. His petition stated the facts on which he claimed a lack of proper notice and specifically raised the question of jurisdiction. This method of procedure is in effect approved in the case of *Hulburd* v. *Commissioner*, 296 U. S. 300, affirming 27 B. T. A. 1123. There the Commissioner sent a notice of transferee liability to the estate of a decedent without having first made a determination against the decedent, who was the transferee. The propriety of the determination against the estate, rather than the decedent, was questioned in the petition filed with the Board. The petition so filed was pointed to by the Supreme Court, which said that when such a protest was made "the remedy available to the Commissioner was obvious and ample." The opinion reads in part:

\* \* \* In such circumstances, the cases cited by the government, where a formal defect has been ignored in circumstances tending toward an inference of waiver or estoppel [*Commissioner* v. *New York Trust Co.* (C. C. A.) 54 Fed. (2d) 463; \* \* \*], have no relation to the case at hand. We are not required at this time to approve or disapprove them. In this case there was neither waiver nor estoppel, but a steady insistence that the deficiency had been assessed against the estate and no one else, and that the liability of the estate had ended. \* \* \*

In this case, as in the *Hulburd* case, there has been neither a waiver nor estoppel, but an unwavering insistence by the taxpayer that there was no proper notice of deficiency, and that insistence antedated the running of the statute of limitations.

The case of *Olsen* v. *Commissioner*, 88 Fed. (2d) 650, is likewise distinguishable. In that case the registered notice of deficiency was actually received by the taxpayer, as the court said, "in due course", although it had been directed to a wrong address.

Upon further consideration of the jurisdictional question in this case, we are of the opinion that we erred in the conclusion reached in the memorandum opinion heretofore entered. That opinion is accordingly hereby vacated and the petitioner's motion to dismiss for want of jurisdiction is granted.

*An order of dismissal will be entered.*