## WORTHINGTON
### v.
## COMMISSIONER OF INTERNAL REVENUE.

### WORTHINGTON et al.
### v.
## COMMISSIONER OF INTERNAL REVENUE.
### Nos. 11802, 11803.

United States Court of Appeals Sixth Circuit.

Feb. 17, 1954.

Ed W. Worthington, in pro per.

H. Brian Holland, Kenneth W. Gemmill, Ellis N. Slack, Wm. L. Norton, Jr., and Dudley J. Godfrey, Jr., Washington, D. C., for respondent.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

In these proceedings to redetermine deficiencies found by the Commissioner of Internal Revenue in the taxpayers' income taxes covering the taxable years 1946, 1947, 1948 and 1949, the petitioning taxpayer, Ed W. Worthington, appeared in propria persona at the hearing before this court. Case No. 11,802 relates to deficiencies in income taxes of taxpayer Ed W. Worthington for the taxable years 1946 and 1947; and Case No. 11,803, in which Worthington's wife, Maxine Worthington, joined him as a petitioner, relates to the taxable years 1948 and 1949.

The Tax Court of the United States dismissed both cases, on motion of the Commissioner of Internal Revenue, for the reason that it appeared from the record presented and the evidence submitted that the petitions had not been filed with the court within the time prescribed by the statute.

██ Upon consideration of the arguments made at the hearing before us and the briefs filed herein, and on review of the whole record, the finding of the Tax Court that the petitions had not been filed within the time prescribed is supported by the evidence and is not clearly

erroneous. The Tax Court properly held that it had no jurisdiction, for the reason that the required petitions for redetermination to be filed by the taxpayers were not filed within ninety days after the mailing of the notices of deficiency, as provided in section 272(a) of the Internal Revenue Code, 26 U.S.C.A.

The instant cases are clearly distinguishable from *Central Paper Co. v. Commissioner of Internal Revenue*, 6 Cir., 199 F.2d 902; and Detroit Automotive Products Corp. v. Commissioner of Internal Revenue, 6 Cir., 203 F.2d 785. The following cases are considered to be in point and to support the conclusion which we have reached, that the Tax Court ruled correctly that it did not possess jurisdiction to consider and act upon the petitions of the taxpayers. DiProspero v. Commissioner of Internal Revenue, 9 Cir., 176 F.2d 76; Poynor v. Commissioner of Internal Revenue, 5 Cir., 81 F.2d 521.

The decisions of the Tax Court in these two cases are affirmed; and it is so ordered.