JOHN W. HEABERLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84559. Filed April 13, 1960.

*Andrew S. Coxe, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner mailed a statutory notice of deficiency by registered mail on September 29, 1959, addressed:

Mr. John W. Heaberlin
2803 S. E. 14th Street
Des Moines, Iowa

An unverified petition in the name of John W. Heaberlin was filed with the Tax Court on December 31, 1959, which was the 93d day after the mailing of the notice of deficiency, the 90th day having been Monday, December 28, which was not a holiday in the District of Columbia. The envelope, sent by certified mail, in which the petition was mailed to the Tax Court bears a cancellation stamp showing the date December 29, 1959.

The Commissioner filed a motion on February 24, 1960, to dismiss the proceeding for lack of jurisdiction because it was not filed within the statutory period of 90 days. The motion was set for hearing on April 6, 1960. A document entitled "AMENDED AND SUBSTITUTED PETITION" verified by the petitioner was filed on March 21, 1960. Opposition to the motion of the Commissioner to dismiss was filed on April 4, 1960.

John W. Heaberlin states under oath that he has never resided or had any connection with property at 2803 S. E. 14th Street, Des Moines, Iowa, the address to which the notice of deficiency was mailed; his correct address at that time was 2907 S. E. 14th Street, Des Moines, Iowa; he later received notice from the postal authorities that a registered letter was being held for him; and after considerable delay he personally called for and accepted delivery of the notice of deficiency at the main Post Office at Des Moines. The Commissioner does not contend to the contrary.

It thus appears that the notice of deficiency involved herein was not mailed to the petitioner's last known address. The Court has no jurisdiction unless a proper notice of deficiency has been mailed in accordance with the provisions of law. *Henry Wilson*, 16 B.T.A. 1280; *William M. Greve*, 37 B.T.A. 450. The Commissioner cites a number of cases in which it was held that inconsequential errors in the mailing address of a deficiency notice could be and were waived by the taxpayer filing a timely petition with the Tax Court. The filing of the petition was timely in all of those cases and obviously the taxpayer had suffered no damage and had lost no right as a result of the error in the address. However, those cases do not justify a holding here that Heaberlin had waived anything by filing a petition after the expiration of the 90 days, followed by a dismissal, as would be necessary, since the petition was not filed within the time allowed by law. *Gennaro A. Carbone*, 8 T.C. 207. The Tax Court may not consider extenuating circumstances for the late filing of a petition but must dismiss in every case where the filing was not within the period allowed by law. *Oscar Block*, 2 T.C. 761. See also *Drouin* v. *Commissioner*, 203 F. 2d 953; *Worthington* v. *Commissioner*, 211 F. 2d 131; *Underwriters, Inc.* v. *Commissioner*, 215 F. 2d 953; *Galvin* v. *Commissioner*, 239 F. 2d 166; *Lingham* v. *Commissioner*, 242 F. 2d 750, certiorari denied 355 U.S. 846, and *Jorgensen* v. *Commissioner*, 246 F. 2d 536—all affirming Tax Court orders.

This proceeding must be dismissed for lack of jurisdiction because no proper statutory notice was ever sent to the taxpayer. *W. S. Trefry*, 10 B.T.A. 134; *Henry Wilson, supra; William M. Greve, supra; Gennaro A. Carbone, supra.* Cf. *Clement Brzezinski*, 23 T.C. 192.