John E. Walsh, Jr. v. Commissioner.
Walsh v. Commissioner
Docket No. 1670-64.
United States Tax Court
T.C. Memo 1964-243; 1964 Tax Ct. Memo LEXIS 95; 23 T.C.M. (CCH) 1447; T.C.M. (RIA) 64243; September 17, 1964
John E. Walsh, Jr., pro se, 910 Ring Bldg., 1200 18th St., N.W., Washington, D.C. Herbert A. Seidman, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: On June 17, 1963, the Commissioner mailed a statutory notice of deficiency addressed: Mr. John E. Walsh, Jr. and Mrs. Anna D. Walsh Husband and Wife, 3921 Ingomar Street, N.W., Washington, D.C. The notice included a statement of the Walshes' income tax liability for 1959 based upon respondent's determination of a deficiency in their income tax for said year. On April 29, 1964, some 317 days after the date *96 of the mailing of the above notice, John E. Walsh, Jr., who will be referred to as petitioner, filed his petition with this Court which stated, in part, as follows: TAX COURT OF THE UNITED STATES
John E. Walsh, Jr., PETITIONER v. Docket Number: Commissioner of Internal Revenue RESPONDENT PETITION 1. Petitioner is a citizen of the United States of America, maintains his principal office at suite 910 Ring Building, 1200-18th Street N.W., Washington, D.C. and the tax return over which the controversy exists was filed in the Baltimore District. 2. The date of mailing of the deficiency over which the controversy exists was June 17, 1963. However, the deficiency was mailed to an address at which Petitioner did not receive mail. The address was not the address shown on the return for the year in question. The address was not the last known address of Petitioner. The address on the tax return over which the controversy exists was altered, by a party or parties other than Petitioner. The address on the tax return was not the address at which the agent upon who's recommendation the deficiency was created reached Petitioner, (said address being that limned above). * * * In the remaining *97 portion of the petition, he assigned alleged errors in the Commissioner's determination of deficiency. On June 12, 1964, respondent filed his "Motion to Dismiss for Lack of Jurisdiction", wherein he moved that "the above-entitled proceeding be dismissed for lack of jurisdiction," on the ground that the petition was not filed within the time prescribed by section 6213(a), I.R.C. of 1954 (90 day) after the mailing of the notice of deficiency. On July 7, 1964, petitioner John E. Walsh, Jr. filed his "Opposition to Respondent's Motion to Dismiss for Lack of Jurisdiction" and on July 9, 1964 an amendment thereto. In these pleadings petitioner repeated his claim that respondent had not complied with section 6212, I.R.C. of 1954, in that the statutory notice was not mailed to him at his last known address. At the hearing held on August 26, 1964 on respondent's motion to dismiss and petitioner's resistance thereto, it was stipulated that the address used by respondent in the notice was not the address on the 1959 joint income tax return of the Walshes. The address of the Walshes on the 1959 joint return was 4473 Que Street, N.W., Washington, *98 D.C. and not 3921 Ingomar Street, N.W., Washington, D.C. It was also stipulated that the address which respondent used on the notice was the address appearing at the top of the Walshes' joint return for 1961 which was the last return filed by the Walshes before the mailing of the statutory notice in this case. [1] The withholding statements on all of the returns within this period, including the returns for 1959 and 1961, used petitioner's business address at 1200-18th Street, N.W., Washington, D.C. Petitioner introduced a letter dated April 5, 1963 which he had written to the district director in Baltimore requesting permission for himself and his wife for a 90-day extension from April 15, 1963 within which to file their 1962 joint income tax return. The last paragraph of this letter states, as follows: Please record for the record, any files and or correspondence to be addressed to me and/or Anna D. Walsh at 1200-18th Street N.W., Washington 6, D.C. Any and all prior addresses used are currently inoperative. There is other evidence to the effect that in 1962 *99 and 1963 petitioner's home address was 3535 O Street, N.W., Washington, D.C. and for those years and many years prior thereto his business address was 1200-18th Street, N.W., Washington, D.C. And it fairly appears that respondent's agents knew these were petitioner's home and business addresses during said years. Revenue agents called upon petitioner at these addresses with respect to his income tax. On December 21, 1962 he was called to an office in the Internal Revenue Building (Room 2246) in Washington, D.C. to answer, under oath, questions propounded by an Internal Revenue Officer. When asked at the outset to state his residence address he replied: "3535 'O' Street, N.W., Washington, D.C." We are convinced that the notice of deficiency was not mailed to petitioner's last known address. The letter of April 5, 1963, some 43 days before the mailing of the notice of deficiency would seem to be sufficient to put respondent on notice of petitioner's current address. The only suggestion of respondent that it would not put him on such notice, offered at the hearing, was counsel's statement that the letter pertained to the 1962 taxes. This is true but that does not render it ineffective *100 to convey the proper "last known" address for communications or notices with respect to taxes for other years. It is to be noted that respondent did not use petitioner's home address on "O" Street or the former home address on Que Street that was on the 1959 return. He used the address on a return which may have been the last return filed in his office but it was not the last address filed in his office. It is clear that respondent did not mail the notice of deficiency to petitioner's last known home or business address. We feel this case is ruled by John W. Heaberlin, 34 T.C. 58. There, as here, the issue arose on respondent's motion to dismiss for failure to file the petition within 90 days of the mailing of the notice. There, as here, the opposition to the motion raised the issue of whether the notice had been sent to the taxpayer's last known address. When it appeared that the notice had not been mailed to the taxpayer at his last known address we held: "This proceeding must be dismissed for lack of jurisdiction because no proper statutory notice was ever sent to the taxpayer. [Citations]". We make the same ruling here. Footnotes
1. The Walshes received additional time - until August 15, 1963, for the filing of their 1962 income tax return.↩