EMMET N. SHELTON AND STELLA SHELTON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1835-74.    Filed November 14, 1974.

*Stanley E. Jennings,* for the petitioners.
*Richard H. Gannon,* for the respondent.

## OPINION

DRENNEN, *Judge:* Respondent determined a deficiency in petitioners' income tax and addition to tax under section 6653(b), I.R.C. 1954, for the year 1968 in the amounts of $4,089.10 and $2,044.55, respectively, and a deficiency in petitioners' income tax and addition to tax under section 6653(b), I.R.C. 1954, for the year 1969 in the amounts of $2,156.56 and $1,078.28, respectively.

Petitioners resided at 6646 Norman Lane, San Diego, Calif., at the time their joint income tax returns for the years 1968 and 1969 were filed at the Western Region Internal Revenue Service Center. Petitioner Emmet N. Shelton resided in El Cajon, Calif., and petitioner Stella Shelton resided in San Diego, Calif., at the time the petition herein was filed.

The statutory notice of deficiency for the years here involved was mailed on April 12, 1973, addressed to petitioners at 6646 Norman Lane, San Diego, Calif. The address used in the notice of

deficiency was not the address of petitioners at the time the notice of deficiency was mailed, and it was not the last known address of the petitioners, within the import of section 6212, I.R.C. 1954, at the time the notice of deficiency was mailed, petitioners having advised agents of the Internal Revenue Service on several occasions prior thereto of changes in their addresses. Petitioners did not receive the envelope in which the notice of deficiency was mailed, and it was returned to respondent unopened.

On or about December 24, 1973, respondent mailed to petitioners, at 1071 Industrial Place, El Cajon, Calif., collection notices of the balances due on their income taxes, additions to tax, and interest for the years 1968 and 1969. Upon inquiry from petitioners' counsel, a copy of the notice of deficiency for the years 1968 and 1969 was mailed to petitioners' counsel by respondent with a letter of transmittal dated March 11, 1974.

The petition herein was filed March 14, 1974.

Respondent filed a motion to dismiss this case for lack of jurisdiction because the petition was not filed within the time prescribed in the applicable provisions of the Internal Revenue Code, section 6213(a), I.R.C. 1954.

Petitioners filed objections to respondent's motion to dismiss and also moved to dismiss this case for the reason that a valid notice of deficiency had not been mailed to petitioners, the notice of deficiency not having been mailed to their last known addresses as required by section 6212(b)(2), I.R.C. 1954.

Both motions to dismiss were set for hearing before the Court at San Diego, Calif., on June 17, 1974. Counsel for both parties agreed to submit the motions to the Court on a stipulation of facts. The stipulation of facts was filed with the Court, and the motions were taken under advisement. The stipulated facts are included in the recitals above.

The only question for decision is whether, when a petition is not filed in this Court within the time prescribed in the applicable sections of the Internal Revenue Code, this Court has jurisdiction to determine whether the notice of deficiency upon which the petition was based is valid. If this question is answered in the negative, then we must grant respondent's motion to dismiss for untimely filing of the petition and respondent will be free to assess and collect the tax unless petitioners take some action in another court to prevent such action. On the other hand,

if the answer to the question is in the affirmative, then we will grant petitioners' motion to dismiss because the notice of deficiency mailed to petitioners was not valid, having not been mailed to petitioners at their last known addresses within the import of section 6212(b) of the Code. In such event, respondent may not assess a deficiency in tax, under normal circumstances, until he has issued a valid notice of deficiency to petitioners. See *Pfeffer v. Commissioner,* 272 F. 2d 383 (C.A. 2, 1959), affirming an order of this Court; *Estate of Francis P. McKaig, Jr.,* 51 T.C. 331 (1968).

This Court has in numerous cases dealt with questions concerning the validity of notices of deficiency which were claimed by the taxpayers not to have been mailed to their last known addresses. See *Daniel Lifter,* 59 T.C. 818 (1973), and cases cited therein. We have also dealt, in numerous cases, with questions concerning the timeliness of petitions filed with the Court, under varying circumstances. See *Angelo Vitale,* 59 T.C. 246 (1972); *Frances Lois Stewart,* 55 T.C. 238 (1970), affirmed per curiam (C.A. 9, 1972); *Estate of Frank Everest Moffat,* 46 T.C. 499 (1966); *Nathaniel A. Denman,* 35 T.C. 1140 (1961); *Sam Satovsky,* 1 B.T.A. 22 (1924). However, we have not found too many cases wherein the Commissioner had filed a motion to dismiss for lack of jurisdiction because the petition was admittedly not timely filed but the Court nevertheless ruled on petitioner's motion to dismiss because the notice of deficiency was invalid.[1] There are a sufficient number of those cases, however, to make it clear that even though the petition was not timely filed, this Court may determine the validity of the notice of deficiency and dismiss for lack of jurisdiction on that ground if it concludes that the notice of deficiency was invalid, with the different effect on future proceedings mentioned above.

In *Gennaro A. Carbone,* 8 T.C. 207 (1947), a Court-reviewed opinion, respondent mailed notices of transferee liability to petitioners which were not received by them in time to file timely petitions. Upon receipt thereof, untimely petitions were filed, and both parties filed motions to dismiss for lack of jurisdiction, respondent because the petitions were not timely filed, and petitioners because the notices of deficiency had not been mailed to their last known address. The Court found that the

---

[1] The parties did not file briefs in this case.

notices were not mailed to the taxpayers' last known address, that petitioners did not waive this irregularity in mailing by filing untimely petitions, and granted petitioners' motion to dismiss, also denying respondent's motion to dismiss.

Next, in *John W. Heaberlin,* 34 T.C. 58 (1960), the petition was filed on the 93d day after the notice of deficiency had been mailed to the taxpayer, and was thus untimely; respondent filed a motion to dismiss on that ground. Petitioner objected on the ground that the notice of deficiency was not mailed to his last known address. Finding that this was a fact, the Court held that the "proceeding must be dismissed for lack of jurisdiction because no proper statutory notice was ever sent to the taxpayer." The Court noted the Commissioner's citation of numerous cases in which it was held that inconsequential errors in the mailing address of a deficiency notice could be and were waived by the filing of a timely petition in the Tax Court, but pointed out that in all of those cases the petitions were timely filed and the taxpayers had suffered no damage as a result of the errors in address; but held that those cases did not justify holding that this taxpayer had waived anything by filing an untimely petition, "followed by a dismissal, as would be necessary, since the petition was not filed within the time allowed by law."

In *Harvey L. McCormick,* 55 T.C. 138 (1970), the matter was before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed, and petitioner's objection thereto on the ground that the notice of deficiency was not mailed to his last known address in compliance with section 6212(b)(1), I.R.C. 1954. The Court considered petitioner's argument but rejected it, concluding that respondent was justified in using the address he used in mailing the notice of deficiency, and granted respondent's motion to dismiss for lack of jurisdiction because the petition was not timely filed.

Finally, in *Patrick Michael O'Brien,* 62 T.C. 543 (1974), the Court said:

Because the petition before the Court was not timely filed, we must in any event dismiss for lack of jurisdiction. *Oscar Block,* 2 T.C. 761 (1943). Where jurisdiction is also lacking for respondent's failure to issue a proper statutory notice of deficiency, we will dismiss on that ground, rather than for lack of timely filing of a petition. *John W. Heaberlin,* 34 T.C. 58, 59 (1960); *Nathan Lerer,* 52 T.C. 358 (1969). This distinction is not without significance. Where

notice of deficiency is found inadequate under the statute, the effect may be to vitiate the notice and any assessment of tax related to it, sec. 6213(a), *W. S. Trefy,* 10 B.T.A. 134 (1928), whereas dismissal for lack of timely filing does not affect the validity of the underlying notice and assessment, if any.

We granted petitioner's motion to dismiss for lack of jurisdiction on the ground that no valid notice of deficiency had been given to petitioner.

In none of the opinions in these cases have we found a discussion of the precise question raised herein, where the petition was admittedly filed late and the notice of deficiency was admittedly mailed to the wrong address. But the fact that the Tax Court has ruled on the validity of the notice of deficiency even though the petition was untimely filed in the above four cases, and probably in many more unreported cases,[2] without challenge insofar as we can determine, vitiates the need for any prolonged discussion of the issue at this time. The cases that have held that the Tax Court has no jurisdiction to *redetermine deficiencies in tax* where the petition is not timely filed, see *Angelo Vitale, supra,* do not preclude the Court from first determining whether the notice of deficiency is valid where an otherwise valid petition raising this issue has been filed with the Court. To conclude otherwise would defeat the purpose of the statute which created the Tax Court, which was to provide taxpayers with means of obtaining a judicial determination of their tax liabilities without having to pay the deficiencies first. If we concluded otherwise, and granted respondent's motion to dismiss, petitioners would be forced to either pay the deficiency asserted in the admittedly invalid notice of deficiency and sue for refund in the District Court or the Court of Claims, or seek to enjoin the assessment and collection of the tax, which they may have difficulty doing in light of section 7421(a), I.R.C. 1954. See *DeWelles v. United States,* 378 F. 2d 37 (C.A. 9, 1967).

The Tax Court has no jurisdiction unless a proper notice of deficiency has been mailed to the taxpayer in accordance with the provisions of law, *John W. Heaberlin, supra, William M. Greve,* 37 B.T.A. 450 (1938), *Henry Wilson,* 16 B.T.A. 1280 (1929), unless the taxpayer receives actual notice that a notice of deficiency has been issued and files a timely petition, *Richard A.*

---

[2] See *John E. Walsh, Jr.,* T.C. Memo. 1964-243; *Joseph Delman,* T.C. Memo. 1966-59. See also *Badger Materials, Inc.,* 40 T.C. 1061 (1963), wherein another jurisdictional question was acted upon before consideration of a motion to dismiss for untimely filing of the petition.

*Zaun,* 62 T.C. 278 (1974), *Daniel Lifter,* 59 T.C. 818 (1973). Every court has judicial power to hear and determine, and inquire into, its own jurisdiction and to decide all questions, the decision of which is necessary to determine the question of jurisdiction. *Stoll v. Gottlieb,* 305 U.S. 165 (1938); 21 C.J.S. sec. 113. See also *Nash Miami Motors, Inc. v. Commissioner,* 358 F. 2d 636, 637 (C.A. 5, 1966). When at any time and in any manner it is represented to the Court that it does not have jurisdiction, the Court should examine the grounds of jurisdiction before proceeding further, the question of jurisdiction being always open for determination. *Wheeler's Peachtree Pharmacy, Inc.,* 35 T.C. 177 (1960). A notice of deficiency must be issued prior to the filing of a petition in the Tax Court. The validity of a notice of deficiency upon which a petition is based is a jurisdictional question that, when brought to the Court's attention, should be answered before the Court considers whether the petition was timely filed. Furthermore, it is sometimes necessary to first determine questions with respect to the mailing of the notice of deficiency before it is possible to determine whether a petition is timely filed. See *Estate of Francis P. McKaig, Jr., supra; Boccuto v. Commissioner,* 277 F. 2d 549 (C.A. 3, 1960).

We conclude that when a notice of deficiency is not mailed to taxpayer at his last known address and as a result thereof the petition filed by the taxpayer in this Court is not filed within the time provided by law, this Court has the jurisdiction and authority to, and should, grant a motion properly filed by petitioner to dismiss the proceeding for lack of jurisdiction because a valid statutory notice of deficiency was not sent to petitioner.

Respondent's motion to dismiss is denied. Petitioners' motion to dismiss is granted.

*An appropriate order will be entered.*