BENJAMIN LUTEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Luten v. Commissioner
Docket No. 8748-74.
United States Tax Court
T.C. Memo 1975-106; 1975 Tax Ct. Memo LEXIS 264; 34 T.C.M. (CCH) 519; T.C.M. (RIA) 750106; April 21, 1975, Filed. Benjamin Luten, pro se. Burns Mossman, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Presented for consideration are respondent's motion to dismiss the petition for lack of jurisdiction on the ground that the petition was not timely filed and petitioner's motion to dismiss on the ground that a valid notice of deficiency was not mailed to him. The parties agree that on July 31, 1974, the Appellate Division of the Internal Revenue Service mailed an envelope to petitioner at his correct address. Respondent contends that the envelope contained a notice of an income tax deficiency *265 for 1972. Petitioner maintains that the envelope contained only a blank form of a deficiency notice. The parties agree that on October 31, 1974, petitioner mailed an envelope to the Clerk of this Court containing a letter which was marked and filed as a petition. On November 7, 1974, the Court entered an order directing petitioner to file a proper amended petition and pay the $10 filing fee on or before January 7, 1975. On December 30, 1974, in response to a motion filed by respondent, the Court entered an order "that this case be dismissed for lack of jurisdiction * * * unless the petitioner on or before February 7, 1975" files an objection "setting forth facts, supported by appropriate documentary evidence" showing the petition was timely filed. On January 6, 1975, the Court received an amended petition and the filing fee. On February 6, 1975, the Court, having concluded that the papers received on January 6, 1975, were inadequate documentation of the timeliness of the original petition, entered an order making the December 30, 1974, order absolute, dismissing the case for lack of jurisdiction, and ordering the amended petition and filing fee to be returned to petitioner. *266 On March 3, 1975, the Court received a communication from petitioner which was filed as a motion to vacate the order of dismissal. Petitioner alleged in this motion that respondent did not send him a proper notice of deficiency. This motion was granted, and testimony and argument on the motions were heard by the Court on March 17, 1975. Respondent offered testimony detailing the procedure whereby notices of deficiency are prepared and mailed and describing the care taken to see that they are properly transmitted to the taxpayer by certified mail. Respondent's witness candidly admitted, however, that she could not remember mailing a completed notice of deficiency to petitioner. Petitioner testified that the envelope mailed to him on July 31, 1974, contained only a blank form of a notice of deficiency. He later talked with a secretary in the office of the regional counsel as to what steps he should take, and, he testified, she told him that his recourse was to file a petition in the Tax Court. On October 31, 1974, he mailed to the Court the letter which was filed as a petition. In response to the order of November 7, 1974, he mailed the amended petition received by the Court on *267 January 6, 1975. If the envelope mailed to petitioner on July 31, 1974, contained a valid notice of deficiency, the document enclosed in the envelope mailed to the Court on October 31, 1974, and accepted as a petition, was not filed within the 90-day period prescribed by section 6213(a), Internal Revenue Code of 1954. In such circumstances, the Court would lack jurisdiction. See, e.g., Harvey L. McCormick,55 T.C. 138 (1970). On the other hand, a valid notice of deficiency is a prerequisite to Tax Court jurisdiction, and if a valid notice was not mailed to petitioner, the case must be dismissed on that ground. John W. Heaberlin, 34 T.C. 58 (1960). Thus, the issue is on what ground should the dismissal be based. We have concluded, though with some doubts, that the July 31, 1974, envelope did not contain a valid notice. Petitioner's case does not depend entirely on his oral testimony that the envelope contained only a blank form. The communication treated as a petition refers to "the determination of Mr. L. A. Kemp of the Appellate Division in this region." The notice of deficiency which respondent alleges was mailed to petitioner, *268 although it refers to L. A. Kemp, Appellate Conferee, as the person to contact, is signed by James R. Wells, Chief, Appellate Office. If petitioner had received the notice, he most likely would have regarded the determination as having been made by the person who signed the letter. More important, the alleged notice determines a deficiency of $520.63. The amended petition filed with the Court on January 6, 1975, states that the "Amount of Deficiency Disputed" is $739.89. This latter figure is the amount of the deficiency proposed in a so-called 30-day letter mailed to petitioner prior to July 31, 1974. Moreover, the alleged notice of deficiency adjusts petitioner's income by disallowing casualty loss and dependency exemption deductions and computing the tax under the rates applicable to single persons. The January 6, 1975, amended petition alleges errors as to these three adjustments and adds two others, i.e., disallowed contributions and penalties. Since these last three items do not appear in the notice of deficiency, petitioner would have had no reason for including them in the petition if he had received such notice. While the matter is not free from doubt, we have concluded *269 that the ends of justice will be best served by resolving the doubts in petitioner's favor. [1]/ Accordingly, we hold that a valid notice was not mailed to petitioner as required by section 6213(a), Internal Revenue Code of 1954, and that on this ground the Court lacks jurisdiction. An appropriate order will be entered.
Footnotes
1. / The taxable year in dispute is the calendar year 1972, and the time for determining a deficiency for that year will not expire until April 15, 1976. Sec. 6501(a), I.R.C. 1954↩.