SUSAN S. GOODMAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7659–77.      Filed March 5, 1979.

*Sondra R. Harris,* for the petitioner.

*Joseph F. Maselli* and *Joan Ronder Domike,* for the respondent.

CHABOT, *Judge:* Respondent determined deficiencies in income tax and additions to tax under section 6653(b)[1] (fraud) against Richard Goodman and Susan S. Goodman for 1969 and 1970. This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency was defective in that it was not mailed to petitioner's last known address. A hearing was held on this motion and the parties have submitted briefs in support of their positions.

### FINDINGS OF FACT

Some of the facts have been stipulated for purposes of petitioner's motion; the stipulation and the stipulated exhibits are incorporated herein by this reference.

---

[1]Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954, as in effect for the taxable years in issue.

Petitioner was married during 1969 and 1970 to Richard Goodman (hereinafter sometimes referred to as Richard); petitioner and Richard timely filed joint income tax returns for these years. The address set forth on the 1969 return was 315 West 57th Street, New York, N.Y. 10019; the address set forth on the 1970 return was 110 East End Avenue, New York, N.Y. (hereinafter referred to as the New York address).

On April 15, 1977, duplicate original notices of deficiency for 1969 and 1970 were mailed to "Mr. Richard Goodman and Mrs. Susan S. Goodman." The notice of deficiency asserted fraud on the part of Richard.

One duplicate original notice of deficiency was mailed to 969 Highland Avenue, Apartment 901, Los Angeles, Calif. 90029, an address provided from the files of a United States Attorney by one of respondent's agents who checked the files at the request of respondent's statutory notice writer.[2]

The other duplicate original was mailed to 6050 Boulevard East, West New York, N.J. 07093, an address set forth on a document filed with respondent purportedly authorizing Herbert M. Gannet, Esq., and Harvey R. Poe, Esq. (hereinafter referred to as Poe), to represent "Richard and Susan S. Goodman" with respect to their income tax liabilities for 1969 and 1970. Petitioner neither authorized nor signed this document. The place on the document reserved for petitioner's signature was blank. The place on the document reserved for Richard's signature was signed with Richard's name. The document was dated "1/28/74."

Sometime around January 1974, Poe asked petitioner to authorize him to represent her in connection with her Federal income taxes for the years here in issue. Petitioner did not authorize anyone to act on her behalf with respect to her Federal income taxes for the years here in issue, before the mailing of the notice of deficiency on April 15, 1977.

Petitioner and Richard were divorced in 1971. Petitioner lived at the New York address until at least April 15, 1977. Petitioner never lived at 6050 Boulevard East, West New York, N.J. Petitioner never lived at 969 Highland Avenue, Apartment 901, Los Angeles, Calif. Neither petitioner nor Richard ever filed with

---

[2]The record reveals neither which United States Attorney's files were checked, nor why.

respondent a notice that they had established separate residences. Petitioner never notified respondent that she had changed her address.

A copy of the notice of deficiency was mailed to Poe. Petitioner received a copy of the notice of deficiency by mail from Poe after April 15, 1977.

Petitioner filed her petition with this Court on July 7, 1977, within 90 days after the notice of deficiency was mailed.

## OPINION

Petitioner argues that the statutory notice of deficiency was not mailed to her last known address, as required by section 6212(b), and is therefore not valid. Respondent disagrees, asserting that the notice of deficiency was mailed to addresses which respondent reasonably believed to be the last known addresses of petitioner and Richard.

Respondent argues that, even if the notice of deficiency was not sent to petitioner's last known address, the underlying intent of the statute was satisfied by petitioner's actual receipt of the notice and her filing of a petition with the Court within 90 days after the notice was mailed. As a result, respondent concludes, the notice of deficiency is valid. Petitioner disagrees, asserting that filing of the petition does not cure the defect in the notice, especially since the notice was not received by petitioner until after the statute of limitations had expired.

We agree with respondent that, on the facts in this case, the notice of deficiency is valid.

Section 6212(a)[3] provides for the mailing of notices of deficiency which, under section 6213(a)[4] constitute "tickets to the Tax

---

[3]SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(This language reflects several amendments since 1969 which have no effect on the instant case.)

[4]SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency; * * *

(This language reflects an amendment since 1969 which has no effect on the instant case.)

Court." Section 6212(b)(1)[5] provides that such a notice is valid if mailed to the taxpayer's "last known address."

A notice of deficiency is valid even though there are errors in the mailing address, if there is a timely filing of a petition with this Court and if the taxpayer suffered no damage as a result of the errors. *Brzezinski v. Commissioner*, 23 T.C. 192 (1954), and cases cited therein; see *Clodfelter v. Commissioner*, 527 F.2d 754 (9th Cir. 1975), cert. denied 425 U.S. 979 (1976), affg. 57 T.C. 102 (1971); *Berger v. Commissioner*, 404 F.2d 668 (3rd Cir. 1968), cert. denied 395 U.S. 905 (1969), affg. 48 T.C. 848 (1967); *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367 (1974), affd. 538 F.2d 334 (9th Cir. 1976); *Degill Corp. v. Commissioner*, 62 T.C. 292 (1974); *Zaun v. Commissioner*, 62 T.C. 278 (1974); *Lifter v. Commissioner*, 59 T.C. 818 (1973).

The rationale of this rule is twofold. One element of the rationale is that the purpose of section 6212—the giving of notice to a taxpayer that respondent proposes a deficiency—is acheived if the taxpayer receives actual notice. See, e.g., *Berger v. Commissioner, supra; Alta Sierra Vista, Inc. v. Commissioner, supra; Zaun v. Commissioner, supra; Lifter v. Commissioner, supra.* The other element of the rationale is that the taxpayer is not harmed if the improperly addressed notice of deficiency is actually received in time to file a timely petition with this Court. See, e.g., *Clodfelter v. Commissioner, supra; Degill Corp. v. Commissioner, supra; Brzezinski v. Commissioner, supra;* cf. *Shelton v. Commissioner*, 63 T.C. 193 (1974).

Both elements of the rationale apply to the facts of the instant case. Petitioner received actual notice of the deficiency, and thus was alerted to the respondent's assertion of a deficiency. Petitioner filed her petition within 90 days after the notice of deficiency was mailed.

We conclude that the notice of deficiency in the instant case is valid, notwithstanding that respondent did not mail it to the

---

[5]SEC. 6212. NOTICE OF DEFICIENCY.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42.—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, or chapter 44, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44 and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

(This language reflects amendments since 1969 which have no effect on the instant case.)

address at which petitioner resided. Because of this conclusion, we find it unnecessary to decide whether the notice of deficiency was mailed to petitioner's last known address.[6]

Petitioner concedes that courts have held that if a taxpayer receives actual notice in a timely fashion so that the taxpayer is not prejudiced by errors in mailing the notice of deficiency, then the notice will not be invalidated on the ground of "last known address." However, "Petitioner asserts that the operative and distinguishing factor in the case at bar is the fact that she did not receive any notification that there was a deficiency against her until *after* the statute of limitations had expired." (Petitioner's opening brief, p. 24; emphasis in original.) She stresses the importance of the statute of limitations and its underlying rationale. She argues that at some point she "must be allowed the repose of knowing [she] will not be assessed additional taxes." However, section 6501(c)(1),[7] by providing that there are no time limits on assessment or judicial proceedings to collect taxes in the case of fraud, in effect denies this repose to a taxpayer with respect to whose return fraud has been asserted. Although no fraud has been asserted against petitioner, proof of fraud on the part of Richard as to the joint returns, in any further proceedings in which petitioner is a party, keeps the statute of limitations open as to petitioner. *Hicks Co. v. Commissioner*, 56 T.C. 982, 1030 (1971); *Stone v. Commissioner*, 56 T.C. 213, 227–228 (1971).[8] Thus, petitioner's contention that she received the improperly mailed notice of deficiency after the statute of limitations expired is not persuasive for the simple reason that the asserted statute of limitations had not expired.[9] See *Estate of McKaig v. Commissioner*, 51 T.C. 331, 337 (1968).

We conclude that respondent's assertion of fraud in the notice

---

[6]This opinion does *not* hold that taxpayers are obligated to notify respondent that they have not changed their addresses.

[7]SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.

(c) EXCEPTIONS.—

(1) FALSE RETURN.—In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

[8]See *Amato v. Commissioner*, T.C. Memo. 1977–305.

[9]Petitioner has asserted the bar of the statute of limitations. If, at trial, respondent fails to sustain his burden of proving fraud (sec. 7454), then the timeliness (sec. 6501(e)(1)(A)) of the notice of deficiency for 1970 can be dealt with at that point. See *Pittsburgh Realty Investment Trust v. Commissioner*, 67 T.C. 260, 283 (1976); *Robinson v. Commissioner*, 57 T.C. 735, 737 (1972).

of deficiency vitiates petitioner's argument, and that the above-stated rule should be applied in the instant case.

Petitioner relies upon our opinion in *Greve v. Commissioner*, 37 B.T.A. 450, 452 (1938), where we stated as follows:

The original mailing, having been directed to a wrong address, did not constitute a statutory notice of deficiency, and the second notice did not constitute a compliance with the statute in that it was not registered. There having been no statutory notice of deficiency, there was no basis for a proceeding before this Board, and, being without jurisdiction, we must dismiss the proceeding. * * *

*Greve* was among a number of precedents analyzed in *Brzezinski v. Commissioner, supra.* The Court, in *Brzezinski*, reached the following conclusions as to the application of sections 272(a) and 272(k) of the Internal Revenue Code of 1939, the predecessors of sections 6212(a) and 6212(b):

Taxpayers would have us read into section 272(a) the requirement that to be valid the deficiency notice must be sent "to the taxpayer [at his last known address] by registered mail." It is true that section 272(k) provides that the notice is sufficient where mailed to the "last known address" even if the "taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence." This has been construed to mean that a notice sent to the "last known address" is sufficient even though the taxpayer has moved and does not receive notice of the deficiency until after the time has expired for filing a petition. *Joseph Marcus*, 12 T.C. 1071. See also *Abraham Goldstein*, 22 T.C. 1233. But while section 272(k) might imply that, in the situations specified therein, notice sent to other than the "last known address" is not sufficient (cf. *Botany Worsted Mills v. United States*, 278 U.S. 282), it does not imply that notice sent to a non-incapacitated taxpayer at other than his "last known address" which is received by him "in due course" does not satisfy the statutory requirements. Cf. *Dilks v. Blair*, (C.A. 7) 23 F.2d 831. Congress was primarily concerned with giving the taxpayer notice within ample time to file a timely petition. When, as here, a timely petition was filed, it is obvious that sufficient notice was received. The problem is different if the wrong address results in a delay in the receipt of the notice, and a timely petition is not filed. *Henry M. Day*, 12 B.T.A. 161. But that is not the instant case. Here, the taxpayer received sufficient notice, thereby satisfying the underlying purpose of section 272(a), and there was literal compliance with the terms of the statute. Therefore, the requirements of section 272(a) are satisfied, and this Court does not lack jurisdiction. *Bert D. Parker; Rite Way Products, Inc.; Daniel Thew Wright*, all *supra*. [23 T.C. at 195.]

See also *Zaun v. Commissioner, supra; Lifter v. Commissioner, supra.*

In *Greve* there appeared to be agreement that the statute of limitations expired on March 15, 1934. The Board there concluded that no proper notice was mailed by that date. In the instant

case, if respondent satisfies his burden of proving fraud, then the question of the timeliness of the notice of deficiency becomes irrelevant for purposes of this motion. (But see n. 9 *supra.*) Also, as noted above, the functions of providing notice and of not prejudicing the petitioner's practical opportunity to contest the liability appear to have been served by the notice of deficiency in the instant case. We conclude, then, that *Greve* does not lead us to decide for petitioner in the instant case.

> *An appropriate order denying petitioner's motion to dismiss for lack of jurisdiction will be issued.*