THOMAS H. and BETTY YOUNG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Young v. Commissioner
Docket No. 12246-81.
United States Tax Court
T.C. Memo 1982-120; 1982 Tax Ct. Memo LEXIS 621; 43 T.C.M. (CCH) 746; T.C.M. (RIA) 82120; March 15, 1982. Thomas H. Young, pro se. David W. Johnson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This matter is before the Court on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed July 31, 1981, pursuant to Rule 53, Tax Court Rules of Practice and Procedure. A hearing on this motion was held *622 on October 19, 1981, in San Antonio, Texas. Respondent, who determined a $ 3,236 deficiency in petitioners' 1978 Federal income tax, contends that the petition herein was not filed within the period prescribed in section 6213(a). [1]
Petitioners Thomas H. and Betty Young, husband and wife, resided in Lytle, Texas, when they filed their petition in this case. They resided in Fairbanks, Alaska, when they filed their 1978 joint Federal income tax return reflecting that address. In October 1979, petitioners moved from Fairbanks, Alaska, to Lytle, Texas. Prior to April 15, 1980, they filed their 1979 Federal income tax return reflecting their new address. On August 6, 1980, respondent mailed a statutory notice of deficiency for 1978 by certified mail to petitioners at their Fairbanks, Alaska, address. The deficiency notice was returned to respondent undelivered. On June 4, 1981, 302 days after the mailing of the notice of deficiency, petitioners filed their petition in this case. Section 6213(a) provides that a taxpayer with an address within the United States may file a petition with the Tax *623 Court for a redetermination of a deficiency within 90 days after respondent has mailed a notice of deficiency to such taxpayer. Section 6212(b)(1) states that a notice of deficiency shall be sufficient if mailed to the taxpayer at his "last known address." While respondent maintains that his motion to dismiss must be granted since the petition herein was not timely filed under section 6213(a), petitioners insist that the notice of deficiency was not valid because respondent failed to mail it to them at their last known address in Lytle, Texas. [2]
*624 We have defined a taxpayer's last known address as the last permanent address or legal residence of the taxpayer known to respondent or the last temporary address of a definite duration to which the taxpayer has directed respondent to send all communications during such period. Weinroth v. Commissioner,74 T.C. 430, 435 (1980). When a taxpayer asserts that the notice of deficiency has been mailed to the wrong address, he must establish that he furnished respondent with a clear and concise notification concerning a definite change of address. Budlong v. Commissioner,58 T.C. 850, 852 (1972); Rule 142(a), Tax Court Rules of Practice and Procedure.Until such notification, respondent is entitled to rely on the address shown on the taxpayer's return. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion, 538 F. 2d 334 (9th Cir. 1976). Petitioners have not shown that they filed a clear and concise notification with respondent of their change in address from Fairbanks, Alaska, to Lytle, Texas. Although petitioners insist that the filing of their 1979 return reflecting their *625 Texas address was adequate notice to respondent of their change of address, we have consistently held that the mere filing of a tax return for a subsequent taxable year prior to the issuance of a statutory notice of deficiency with respect to an earlier year is not sufficient to notify respondent of a change of address. Budlong v. Commissioner,supra at 852-853. Absent some clear and concise notification of petitioners' change of address, other than the mere filing of a subsequent return, respondent was entitled to rely on the address reflected on their 1978 return for purposes of mailing the notice of deficiency for 1978. [3]
Accordingly, since petitioners failed *626 to file their petition within the time period prescribed in section 6213(a), respondent's motion to dismiss for lack of jurisdiction is granted. An appropriate order will be issued.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Although under either respondent's or petitioners' position we would be required to dismiss this case for lack of jurisdiction, the consequences of our dismissal will vary depending upon whose position we adopt. See, Shelton v. Commissioner,63 T.C. 193, 194-195↩ (1974). If we find that the notice of deficiency was not valid, respondent would have to issue a new notice of deficiency prior to the expiration of the period of limitations under sec. 6501. On the other hand, a determination that respondent mailed a valid notice of deficiency and that petitioners failed to timely file their petition would allow the immediate assessment of the asserted deficiency.
3. At the hearing on this motion, petitioners raised a question regarding an audit report with respect to their 1978 return which was mailed to their Alaska address by respondent and subsequently forwarded to them at their Texas address. Petitioner Thomas H. Young testified that he and his wife mailed a response to that report to respondent which may have shown their Texas address as their return address. The record, however, indicates that petitioners' response contained no return address.↩