ALFRED T. SANDERSON AND MILDRED T. SANDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sanderson v. Commissioner
Docket No. 20769-86.
United States Tax Court
T.C. Memo 1987-81; 1987 Tax Ct. Memo LEXIS 77; 53 T.C.M. (CCH) 103; T.C.M. (RIA) 87081; February 11, 1987
Alfred T. Sanderson, pro se. John Wertz, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by section 6213(a) or 7502. [1]
In his notice of deficiency, dated March 5, 1986, respondent determined a deficiency in income tax for the taxable year 1982 in the amount of $26,818 as well as additions to tax under sections 6661 in the amount of $2,682, 6653(a)(1) in the amount of $1,341, and 6653(a)(2) in the amount of 50% of the interest due on $26,818. At the time of filing the petition herein, petitioners resided in Elmer, New Jersey. The notice *79 of deficiency was mailed on March 5, 1986 by certified mail to petitioners at Box 272 R.D. 3, Elmer, New Jersey 08318, the address used by petitioners on their 1982 Federal income tax return. The 90-day period for timely filing a petition in this Court from the notice of deficiency expired on Tuesday, June 3, 1986, which was not a legal holiday in the District of Columbia. No evidence was received at the hearing concerning this Motion; however, in their response to respondent's Motion petitioners admit that they received the notice of deficiency not later than March 22, 1986. The petition was filed with the Court on June 17, 1986, 104 days after the mailing of the notice of deficiency. Petitioners advance the following propositions in support of denial of respondent's Motion: (1) The 90-day period within which a petition must be filed pursuant to section 6213(a) begins upon receipt of the notice of deficiency. Petitioners argue that since the petition was filed within 90-days of the actual receipt of the notice of deficiency the petition was timely filed. (2) Respondent must send the notice of deficiency by ordinary mail. Petitioners argue that since they are located on rural *80 delivery, mailing the notice of deficiency by certified mail caused receipt of the notice to be delayed until March 22, 1986. Petitioners also argue in this regard that by mailing the notice of deficiency by certified mail it was not technically mailed to petitioners' home but rather to the Elmer, New Jersey Post Office since the U.S. Postal Service only leaves a notice of certified mail in the mailbox on its rural delivery routes. Therefore, petitioners argue that they were required to travel 23 miles to Elmer, New Jersey in order to pick up the notice of deficiency at the post office which was inconvenient to petitioners. (3) Petitioners' last known address was petitioner Alfred T. Sanderson's place of business in Woodbury, New Jersey. Petitioners argue that respondent should have used the business address since all field audits conducted by the Internal Revenue Service of petitioners' tax returns for prior years took place at such place of business, or in the alternative, that petitioners are entitled to notice at the address where petitioner Alfred T. Sanderson's place of business is conducted since certain deductions disallowed on petitioners' 1982 tax return relate to that *81 business. (4) This case involves a jeopardy assessment which the petitioners have a right to challenge "despite the regulations." (5) The notice of deficiency does not advise the consequences of the failure to answer within 90 days of the date of mailing. (6) Petitioners are entitled to equitable relief on the ground that respondent has not been prejudiced by the late filing of the petition. Section 6213(a) provides that within 90-days after a notice of deficiency is mailed to a taxpayer, he may file a petition in the Tax Court to seek a redetermination of the deficiency. This Court has no jurisdiction if the petition is not filed within the 90-day period allowed by section 6213(a). ; . As to petitioners' argument that respondent would not be prejudiced by relaxation of the rules to allow us to hear petitioners' claim, we are not at liberty to judicially legislate the expansion of our jurisdiction. This Court is without authority to extend the period provided by law for filing a petition "whatever the equities of a particular case may *82 be and regardless of the cause for its not being filed within the required period." . As to petitioners' argument concerning the 90-day period we have held that so long as the notice of deficiency is timely mailed by the Commissioner in compliance with section 6212(a), the notice is effective for all purposes from the time of its mailing. Cf. . See also . Likewise, petitioners' argument that respondent must mail the notice of deficiency by ordinary mail rather than by certified mail is without merit. Certified mailing is specifically authorized by section 6212(a). Cf. . Section 6212(b)(1) authorizes respondent to mail the notice of deficiency to petitioners at their "last known address." This Court has defined "last known address" as "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner *83 to send all communications during such period." ; see ; , affd. without published opinion . Respondent was entitled to treat the address appearing on petitioners' return as the last known address unless petitioners clearly and concisely notified respondent to use a different address. See The question is whether respondent reasonably believed petitioners wished the notice to be sent to their home address in light of all the surrounding facts and circumstances. ; ;;, affg. a Memorandum Opinion of this Court. Petitioners argue that the notice of deficiency should have been sent to petitioner Alfred T. Sanderson's business address because *84 the Internal Revenue Service audited petitioners' tax returns for previous years at that address or, alternatively, that petitioners should receive notices at the business address because some of the disallowed deductions appearing on petitioners' 1982 tax return relate to the business located at that address. While respondent admits receiving a letter from petitioner Alfred T. Sanderson on a letter which contained his business address in the letterhead, the letter does not clearly indicate that notices were to be sent to the business address in Woodbury, New Jersey. The mere mailing of a letter to the Internal Revenue Service with a different address than that shown on the return without a clear indication that the address in the letter is to be used for all notices is not enough to change the last known address from the return address. The Internal Revenue Service must be given clear and concise notification by taxpayers of any change in address to which the taxpayers wish notices to be sent. ; *85 Petitioners do not even argue that they attempted to change their address or give respondent notice thereof in a clear and concise manner. We therefore find that petitioners did not clearly and concisely notify respondent that the notice of deficiency should be sent to the business address and that petitioners' last known address was the address shown on petitioners' return. With respect to the claim that the notice was not technically mailed to petitioners at their home, but rather to the Elmer, New Jersey Post Office, the address used by respondent on the notice was petitioners' last known address and was the address furnished to respondent by petitioners. Petitioners cannot now claim that it was too inconvenient to pick up their certified mail at the post office. Petitioners could have notified respondent of an address more convenient to them for the receipt of notices and correspondence, but petitioners did not do so. Petitioners received the notice of deficiency within 17 days after it was mailed and certainly had sufficient time within the remaining 73 days to timely file the petition that they ultimately filed in this Court. Cf. . *86 Petitioners' claim that they are entitled to notice at the place where the business is carried on is without merit. Section 6213(a) clearly states that the notice is to be mailed to petitioners' last known address which we have held to be petitioners' home address as reported on their 1982 income tax return. Similarly, petitioners' claim that this case involves a jeopardy assessment which they have a right to challenge "despite the regulations" has no merit. This case does not involve a jeopardy assessment under section 6861. Finally, petitioners' claim that the notice of deficiency does not advise the consequences of the failure to answer within 90 days of the date of mailing is also without merit. The second paragraph of the notice clearly states: * * * If you want to contest this deficiency in court before making any payment, you have 90 days from the above mailing date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. The petition should be filed with the United States Tax Court, 400 Second Street, NW., Washington, D.C. 20217, and the copy of this letter *87 should be attached to the petition. The time in which you must file a petition with the Court (90 or 150 days as the case may be) is fixed by law and the Court cannot consider your case if your petition is filed late. * * * Petitioners will still be able to have their day in court by paying the deficiency and bringing suit for a refund in the United States District Court or the United States Claims Court. For the reasons herein stated, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩