T.C. Memo. 2000-310

UNITED STATES TAX COURT

AUDREY CARLISLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12862-99.                    Filed September 28, 2000.

Audrey Carlisle, pro se.

<u>Nguyen-Hong Hoang</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  By separate notices of
deficiency dated February 3, 1999, respondent determined
deficiencies in petitioner's 1995 and 1996 Federal income tax of
$2,376 and $2,763, respectively.  Unless otherwise indicated,
section references are to the Internal Revenue Code in effect for
the years in issue.

This matter is before the Court on the parties' cross-
motions to dismiss for lack of jurisdiction.  Petitioner's motion

is premised on the ground that respondent failed to send valid notices of deficiency to her last known address. Respondent's motion is premised on the ground that petitioner failed to file a timely petition in response to a valid notice. Because the jurisdiction of this Court is limited by statute and attaches only upon the issuance of a valid notice of deficiency and the timely filing of a petition, this case must be dismissed for lack of jurisdiction. The only question is on whose motion it will be dismissed. Where jurisdiction is lacking because of the Commissioner's failure to issue a valid notice of deficiency, we dismiss on that ground, rather than on the ground that the taxpayer failed to file a timely petition. See Shelton v. Commissioner, 63 T.C. 193 (1974); O'Brien v. Commissioner, 62 T.C. 543, 548 (1974); Heaberlin v. Commissioner, 34 T.C. 58, 59 (1960); see also Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999 (1978) (the Court has jurisdiction to decide issues regarding its jurisdiction).

Background

Petitioner's tax returns for 1995 and 1996 were under examination by the Internal Revenue Service (IRS) in 1998. Petitioner's case was assigned to Vicki Murdock, a tax-examining assistant at the IRS Ogden, Utah, Service Center. Ms. Murdock handled petitioner's case from April 1998 to July 1999.

Before September 1998, petitioner resided at 7500 Crescent Avenue, Apartment 125, Buena Park, California (the Crescent Avenue address), which was her brother's residence. The Crescent Avenue address was the address on petitioner's 1997 Federal income tax return filed in 1998. By letter dated September 19, 1998, petitioner informed the IRS that she had moved to 370 North Oak Street, Orange, California (the Oak Street address).[1] Respondent made this address change in the IRS taxpayer address database.

On October 26, 1998, respondent received a letter from petitioner dated October 16, 1998.[2] The letterhead of this letter reflects petitioner's address as 130 West Adele Street, Apartment F, Anaheim, California (the Adele Street address). There is no statement in petitioner's letter that there was a change of address. Respondent did not make an address change in the database for petitioner's address. On November 12, 1998, Ms. Murdock received another letter[3] from petitioner dated October 29, 1998, which also reflects the Adele Street address in

---

[1] Petitioner sent this letter to the IRS Service Center in Fresno, California, and it was transferred to Ms. Murdock.

[2] This letter was also sent to the Service Center in Fresno, California, and refers to petitioner's disagreement with the changes proposed by respondent.

[3] In this letter, petitioner states her disagreement with the examination report.

the letterhead.  There is no statement in the letter indicating a change of address, and respondent did not make such a change.

According to notes taken by Ms. Murdock, she attempted to call petitioner three times in December 1998 and twice in January 1999.  The number she called was that of petitioner's brother. On January 8, 1999, Ms. Murdock left a message on the answering machine[4] for petitioner.  In her notes Ms. Murdock wrote:  "Left message if she does not contact us by 1-12 we'll send 90 day letter."

By letter dated January 20, 1999, the IRS sent petitioner a form letter to the Crescent Avenue address thanking her for her correspondence dated November 12, 1998.  The letter stated that the IRS had not yet reviewed the information she sent but would contact her within 60 days to let her know what action would be taken.  The letter was signed by the Chief of the Fresno Service Center Examination Branch.

In early January 1999,[5] petitioner received her 1998 Form 1040A instructions booklet (tax booklet).  This tax booklet was mailed to the Adele Street address.

On February 3, 1999, respondent mailed 1995 and 1996 notices of deficiency to the Oak Street address by certified mail.  These

---

[4]  Ms. Murdock testified that petitioner identified herself on the outgoing answering machine greeting.

[5]  Petitioner believes that she received her tax booklet between Jan. 2 and 7, 1999.

notices were returned to respondent in late February as unclaimed.

On March 13, 1999, respondent received petitioner's 1998 income tax return, which reflected the Adele Street address. At that time, respondent updated his database to show the Adele Street address for petitioner.

In April 1999, petitioner's case was sent back to Ms. Murdock. While looking through petitioner's file, Ms. Murdock noticed the Adele Street address on the letterhead of petitioner's prior letters. Ms. Murdock checked the database and noticed that petitioner's address had been updated. On April 23, 1999, Ms. Murdock caused a letter to be sent to petitioner at the Adele Street address, transmitting copies of the notices of deficiency and explaining that the 90-day statutory period for filing a petition with the Tax Court was not extended. The 90-day period within which to timely file a petition with this Court expired May 4, 1999. Petitioner filed her petition on July 20, 1999.

Petitioner alleges that on January 11, 1999, she sent another letter to respondent stating a change of address to the Adele Street address. Respondent claims that letter was never received. Petitioner's copy of that purported letter appears to have been written on stationery or notepaper which is different from all her other correspondence in the file. Moreover, the

formatting and style of the message contained therein is likewise different from her previous letters.

Petitioner further alleges that she called Ms. Murdock's office in January 1999 and was told that Ms. Murdock was no longer handling her case. Petitioner claims that when she spoke to the secretary who answered the phone, she identified herself with her Social Security number and the Adele Street address. Lastly, petitioner contends that since she received her tax booklet in early January at the Adele Street address, respondent knew of this address before the notices of deficiency were issued in February.

Respondent contends that the notices of deficiency were sent to petitioner's last known address, and petitioner failed to petition the Court within the statutory period. Respondent argues that petitioner's October 1998 and November 1998 letters did not provide "clear and concise" notice of an address change.

Testimony of Mitchell Farah

During the first hearing on this matter, the Court questioned how respondent was able to send the tax booklet for 1998 to petitioner's Adele Street address. Respondent subsequently moved to reopen the record to answer this concern (which motion was granted), and a second hearing was held. Respondent called Mitchell Farah (Mr. Farah) as a witness. Mr. Farah is the manager of the mailouts and composition section of

the tax products branch of the IRS in Washington, D.C.  As part of his job, Mr. Farah supervises the employees who are responsible for the administration of contracts with private print vendors (vendors).  The IRS contracts with the vendors to mass produce and mail to taxpayers the tax forms and instructions booklets such as the one received by petitioner.  Pursuant to these contracts, the taxpayers' addresses are downloaded from the IRS's master file database at Martinsberg, W. Va.  This information is stored on cassettes and sent to the vendors.  The vendors contract with a National Change of Address (NCOA) licensee which has access to the NCOA file that the U.S. Postal Service maintains in Memphis, Tennessee.  The NCOA licensee matches the names and addresses from the IRS master file with the NCOA database.  Old addresses are replaced with new addresses that were submitted to the post office, and they are stored on the cassette.

Mr. Farah testified that neither the NCOA licensee nor the vendor notifies the IRS about the changed addresses.  The vendors use the new addresses for the mailing of the tax booklets, and the new addresses are printed on labels inside the booklets for the taxpayers' use in filing their returns.  Each label is coded to reflect that a change of address has occurred.  When the IRS receives a return with a preprinted label reflecting a new address, it makes the address change in its master file.

All of the tapes with the updated addresses used by the vendor are returned to the IRS within 30 days of the last mailing of the booklets.  The IRS does not use the tapes to update its taxpayer address database.  Mr. Farah stated that the IRS deletes the information and reuses the tapes.  When this occurs is not included in the record, but he further testified that on rare occasions, the IRS may check its database to locate a taxpayer's address and ask the vendor to which address the vendor sent the tax booklet if a taxpayer who did not receive a tax booklet notifies a congressperson who in turn makes an inquiry to the IRS.  According to Mr. Farah this is the only time that the IRS considers the information from the NCOA for a change of address.

The record includes a document entitled "Specifications for Contract Printing and Binding of the 1998 Individual Income Tax Packages 1040A-1 & 1040A-2" (the contract).  Paragraph 5.1 of the contract entitled "Furnished Cartridges" states:

> IRS will furnish the contractor with address cartridges, sorted by zip code. * * * Contractor is responsible for taking the IRS raw data file and passing the file against the National Change of Address (NCOA) file using standard matching logic, providing the IRS with magnetic cartridges containing the following: a separate listing of new move addresses and incomplete addresses (nixies).  Nixies are not to be mailed.  Each new move address must be referenced with its corresponding old address, including the check digit, social security number, service code number, and package code, to allow comparison by the IRS.  In addition, contractor must provide all applicable NCOA reports, by IRS service center, and provide a printout of 100 records, any service center, for moves and nixies, for analysis.

Paragraph 5.1.5 entitled "New Move Address Indicators" states as follows: "Image, on the "Taxpayer's Name and Address label", "#" symbols horizontally and vertically, to identify each new move address."  Petitioner's preprinted label attached to her 1998 income tax return was imaged with the "#" symbols to indicate a new move address.

According to the schedule in the contract, delivery of the tax booklets to the post office (called phase 1) was to occur January 4, 1999, with phase 2 to occur January 14, 1999.  Mr. Farah testified that the tapes were returned to the IRS around the end of February.

Discussion

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  If a notice of deficiency is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial.  See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52.  The taxpayer, in turn, has 90 days from the date the notice of deficiency was mailed to file a

petition in this Court for a redetermination of the deficiency. See sec. 6213(a).

Neither the Internal Revenue Code nor the regulations promulgated thereunder define the phrase "last known address". However, this Court has defined the phrase to mean "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner, 78 T.C. 215, 218 (1982). In general, that address will be the address reflected on the taxpayer's most recently filed Federal income tax return, absent clear and concise notification of a different address. See Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). The taxpayer has the burden of proving that the notice of deficiency was not sent to her last known address. See Yusko v. Commissioner, supra at 808.

Once the Commissioner becomes aware of an address other than the one on the taxpayer's return, the Commissioner must exercise reasonable care and due diligence in ascertaining the correct address. See Pyo v. Commissioner, 83 T.C. 626 (1984). Whether the Commissioner has done so is a question of fact. See Weinroth

v. Commissioner, supra.  Although the Commissioner must exercise reasonable diligence in ascertaining the taxpayer's correct address, the burden necessarily falls upon the taxpayer to keep the Commissioner informed of her correct address.  See Ramirez v. Commissioner, 87 T.C. 643 (1986); Alta Sierra Vista, Inc. v. Commissioner, supra.  As we have stated:  "When a taxpayer changes his address it is he who must notify the Commissioner of such change or else accept the consequences".  Alta Sierra Vista, Inc. v. Commissioner, supra at 374.

In this case, petitioner timely notified respondent of her change of address from Crescent Avenue, the address on her 1997 tax return, to Oak Street, the address to which the notices of deficiency were mailed.  The first question to be resolved is whether the October and November letters effected a change of address because of the Adele Street address appearing in the handwritten letterhead.  This Court has held that an address written in the letterhead of a taxpayer's correspondence, without more, will not constitute a clear and concise notification to the IRS of a change of address.  See id.; Sanderson v. Commissioner, T.C. Memo. 1987-81.  The taxpayer must advise the IRS that the new address is to be used in the future.  Therefore, respondent properly mailed the notices of deficiency to petitioner's last known address.

We have considered petitioner's contentions that she advised respondent of her Adele Street address in her January 1999 letter and by telephone and conclude that she has not established those facts by a preponderance of the evidence.

Finally, we are not persuaded that respondent knew or should have known about the Adele Street address as a result of the procedures pertaining to the mailing of the tax booklets for 1998, inasmuch as the undisputed evidence reflects that the updated tapes were not returned to the IRS until the end of February 1999. Similarly, petitioner's filing of her 1998 return reflecting her Adele Street address was too late to affect the mailing of the notices of deficiency. Moreover, the fact that respondent sent petitioner copies of the notices of deficiency in April 1999 does not invalidate the February mailing, constitute a new mailing, or enlarge the period for timely filing a petition with this Court.

Although petitioner cannot pursue her case in this Court, she is not without a remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the U.S. District

Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).

<u>An order will be entered granting respondent's motion to dismiss for lack of jurisdiction and denying petitioner's motion to dismiss</u>.