T.C. Memo. 1996-449


UNITED STATES TAX COURT


MARGARET LOUGHRAN WEBB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22891-95.          File October 2, 1996.


Margaret Loughran Webb, pro se.

<u>John R. Hunter</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction.  Respondent seeks dismissal on

---

[1] All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the ground that the petition was not timely filed within the time prescribed by section 6213(a) or section 7502. Petitioner objects to respondent's motion on the ground that respondent did not issue a valid notice of deficiency for any of the years before the Court.[2] The issues that we must decide are: (1) Whether respondent actually mailed notices of deficiency for the taxable years 1989 through 1993 to petitioner on January 24, 1995, and, if so, (2) whether such notices were mailed to petitioner at her last known address.

Petitioner Margaret Loughran Webb (petitioner) resided in Ivanhoe, Texas, at the time that her petition was filed with the Court.

Background

On January 24, 1995, the date on which respondent purportedly mailed notices of deficiency to petitioner for the taxable years 1989 through 1993, petitioner's mailing address was Route 1, Box 176-A2, Ivanhoe, Texas 75447.

Corine Brown (Ms. Brown) is the supervisor of the 90-day unit of the Examination Division of the Internal Revenue Service in Dallas, Texas (the 90-day unit). Ms. Brown held this position on January 24, 1995.

---

[2] Although petitioner has not cross-moved for dismissal for lack of jurisdiction, an invalid notice of deficiency would result in a dismissal for lack of jurisdiction but with a different legal result from that of an untimely petition. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). We discuss this matter further, infra pp. 8-9.

The 90-day unit is responsible for issuing notices of deficiency to taxpayers in the North Texas internal revenue district. The 90-day unit is also responsible for determining the last known addresses of taxpayers to whom such notices are sent. Ivanhoe, Texas, is located within the North Texas internal revenue district.

When a case arrives in the 90-day unit, it is assigned to a reviewer who checks the file for accuracy. The file is then sent to a data transcriber who, using a computer database, determines the taxpayer's last known address for purposes of preparing and mailing a notice of deficiency. If the data transcriber cannot determine the taxpayer's last known address, he or she may list several addresses to which duplicate copies of the notice of deficiency should be sent. The case is thereafter returned to the reviewer who, based on the available information, validates the address or addresses to which the notice of deficiency should be sent as identified by the data transcriber.

The reviewer then sends the file to a 90-day clerk. The 90-day clerk is responsible for checking the correctness of the notice of deficiency and ensuring that there is a duplicate copy of the notice available to send to each address listed for a taxpayer. Using information contained in the notice of deficiency, the 90-day clerk copies onto the back of the envelopes in which copies of the notice of deficiency will be mailed, the taxable year or years placed in issue by the notice

of deficiency.[3]  Each envelope is assigned a certified mail number.  The 90-day clerk inserts either the original notice of deficiency or a duplicate copy thereof into each envelope to be mailed to the taxpayer.[4]  The 90-day clerk retains an extra copy of the notice of deficiency for the file maintained by the Internal Revenue Service (IRS).

On occasion, the 90-day unit has failed to retain a copy of a notice of deficiency for the IRS file because the 90-day clerk inadvertently mailed all of the copies to the taxpayer.

In addition to preparing notices of deficiency for mailing, the 90-day clerk is also responsible for mailing such notices to taxpayers.  Thus, using the information on the envelopes containing each notice of deficiency, the clerk completes a certified mail log using Postal Service Form 3877 (Form 3877). Form 3877 identifies (1) each address to which the notices of deficiency are mailed; (2) the taxable year or years placed in issue by the notices of deficiency; and (3) the article number reflecting the certified mail number of each envelope mailed to the taxpayer.  Then, the clerk delivers the envelopes containing the notices of deficiency, accompanied by Form 3877, to the

---

[3] Because of space limitations on the forms used, a single notice of deficiency does not place in dispute more than 3 taxable years.

[4] If the Commissioner's determinations involves more than 3 taxable years (see supra note 3), the 90-day clerk may insert more than one notice of deficiency into the envelope to be mailed to the taxpayer at a particular address.

Postal Service.  Once at the post office, a postal clerk verifies the information on Form 3877 with the information reflected on the envelopes containing the notices of deficiency.  If the information is accurate, the postal clerk stamps Form 3877 with a U.S. Postal Service stamp indicating the current date and the post office location.

In the instant case, respondent introduced into evidence the Form 3877 completed by a 90-day clerk supervised by Ms. Brown. The Form 3877 indicates that, on January 24, 1995, duplicate notices of deficiency involving the taxable years 1989 through 1993 were mailed by certified mail to petitioner at the following four addresses:  (1) Route 1, Box 176A-2, Ivanhoe, Texas 75447; (2) Route 1, Box 176AZ, Ivanhoe, Texas 75447; (3) Route 1, Box 76A-2, Ivanhoe, Texas 75447; and (4) 146 West 16th, Plano, Texas 75075.  The Form 3877 is postmarked January 24, 1995, by the Postal Service in Dallas, Texas.

Respondent has been unable to produce a copy of a notice of deficiency for the taxable years 1989 through 1991.  However, respondent has produced a copy of a notice of deficiency for the taxable years 1992 and 1993.  Ms. Brown identified the notice of deficiency for 1992 and 1993 as one originating from her unit.

The Postal Service facility in Ivanhoe, Texas, is a small post office that has approximately 270 post office box customers. Donna Russell (Ms. Russell) was the postmistress of the Ivanhoe

post office from at least 1994 until June 1996 and personally knew petitioner during that period.

When certified mail is received by the Ivanhoe post office for delivery to a post office box customer, as in the present case, a local mail carrier attempts to personally deliver the letter to the addressee's home. If the addressee is not at home, the mail carrier leaves a "yellow slip"; i.e., Postal Service Form 3849 (Form 3849), in the addressee's mail box. Form 3849 notifies the addressee that the Ivanhoe post office is holding certified mail addressed to him or her. The yellow slip identifies the sender's name, the certified mail article number, and the date, and includes a brief description of the item; e.g., letter, parcel, or large envelope.

Three Forms 3849 were completed with respect to the articles of certified mail mailed by the IRS to petitioner in Ivanhoe, Texas. The Forms 3849 indicate that all of the certified letters addressed to petitioner in Ivanhoe, Texas, were delivered to the Ivanhoe post office no later than February 1, 1995. Even though each certified letter was mailed to petitioner at a slightly different box number; i.e. Box 176A-2, Box 176AZ, and Box 76A-2, Ms. Russell knew that the letters were intended for petitioner at Box 176-A2, and she delivered them accordingly.

On or about February 1, 1995, petitioner visited the Ivanhoe post office. Ms. Russell asked petitioner whether petitioner wanted her certified mail. Petitioner refused delivery.

Specifically, petitioner told Ms. Russell that petitioner was not going to claim her certified mail and that petitioner did not care what disposition Ms. Russell made of such mail.

Petitioner mailed her petition to this Court on October 31, 1995, which petition was received and filed by the Court on November 6, 1995. The petition includes allegations that (1) petitioner was never served with notices of deficiency for the taxable years 1989 through 1993; (2) petitioner was totally unaware of any such notices until after the expiration of the time for timely filing a petition with this Court in respect of such notices; and that, as a consequence of the foregoing, (3) petitioner was denied her right to contest such notices. Subsequently, respondent filed her Motion to Dismiss for Lack of Jurisdiction. Respondent contends that (1) notices of deficiency for the taxable years 1989 through 1993 were issued to petitioner; (2) such notices were mailed to petitioner at petitioner's last known address and are therefore valid; and (3) petitioner failed to file a timely petition for redetermination with the Court in respect of such notices.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes respondent,

after determining a deficiency, to send a notice of deficiency to a taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to a taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to a taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52.  The taxpayer, in turn, has 90 days (or 150 days under circumstances not present herein) from the date that the notice of deficiency is mailed to file a petition with this Court for a redetermination of the deficiency.  Sec. 6213(a).

In her motion to dismiss, respondent claims to have mailed notices of deficiencies for the taxable years 1989 through 1993 to petitioner at petitioner's last known address on January 24, 1995.  In view of the fact that the petition was not filed until November 6, 1995, well after the expiration of the 90-day period for filing a timely petition, it necessarily follows that we must dismiss this action for lack of jurisdiction.  The question presented is whether the dismissal should be premised on petitioner's failure to file a timely petition under section 6213(a) or on respondent's failure to issue valid notices of

deficiency under section 6212.  See Shelton v. Commissioner, 63 T.C. 193 (1974); O'Brien v. Commissioner, 62 T.C. 543, 548 (1974); Heaberlin v. Commissioner, 34 T.C. 58, 59 (1960).  If we conclude that the petition is untimely, petitioner would be precluded from challenging the merits of the deficiency in this Court and would only be able to obtain judicial review of such merits by paying the tax, filing a claim for refund with the IRS, and if the claim is denied, suing for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  Sec. 7422.  However, if jurisdiction is lacking because of respondent's failure to issue valid notices of deficiency, we will dismiss the case on that ground, rather than for lack of a timely filed petition.  Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Keeton v. Commissioner, 74 T.C. 377, 379 (1980).

As indicated, the parties initially disagree whether notices of deficiency were, in fact, issued to petitioner and, if so, whether they were mailed to petitioner at petitioner's last known address.  Respondent contends that a notice of deficiency for the taxable years 1989 through 1991, and a second notice of deficiency for the taxable years 1992 and 1993, were issued to petitioner on January 24, 1995.  Respondent also contends that both notices of deficiency were mailed to petitioner at petitioner's last known address.

Petitioner contends that no notice of deficiency exists for the taxable years 1989 through 1991, as evidenced by the fact that respondent has been unable to produce a copy of any notice for those years. Further, petitioner contends that if such notice of deficiency exists, notices of deficiency for the taxable years 1989 through 1993 were never mailed to her. Finally, petitioner contends that even if notices of deficiency for the taxable years 1989 through 1993 were mailed to her, such notices were not mailed to her last known address.

As explained more fully below, we hold: (1) Respondent presented sufficient evidence to prove the existence of a notice of deficiency for the taxable years 1989 through 1991; (2) respondent mailed notices of deficiency for the taxable years 1989 through 1993 on January 24, 1995; and (3) notices of deficiency were mailed to petitioner at her last known address.

Respondent bears the burden of proving that she mailed notices of deficiency to petitioner and the date on which the notices were mailed. Pietanza v. Commissioner, supra at 736; August v. Commissioner, 54 T.C. 1535, 1536 (1970). Respondent is required to introduce evidence showing that notices of deficiency were properly delivered to the Postal Service for mailing. Coleman v. Commissioner, 94 T.C. 82, 90 (1990); see Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). The act of mailing may be proven by evidence of respondent's mailing practices corroborated by testimony or

documentary evidence.  Coleman v. Commissioner, supra, at 90.
Form 3877, reflecting Postal Service receipt, represents direct
documentary evidence of the date and fact of mailing.  Magazine
v. Commissioner, 89 T.C. 321, 324, 327 (1987).  Absent evidence
to the contrary, a properly completed Form 3877 is highly
probative evidence that notices of deficiency were mailed on the
postmark date to the taxpayers listed on the form.  Cataldo v.
Commissioner, supra at 524.

In the instant case, respondent introduced into evidence a
completed and postmarked Form 3877.  Such form certifies that
notices of deficiency for the taxable years 1989 through 1993
were mailed to petitioner on January 24, 1995.  Additionally,
respondent presented the testimony of Ms. Brown, who described
the established procedures surrounding the preparation and
mailing of the notices of deficiency.  Based on these procedures,
we find it highly unlikely that Form 3877 would reflect that
notices of deficiency were mailed for specific taxable years if
notices did not in fact exist for such years.  Similarly, we find
it highly unlikely that entries regarding notices of deficiency
would appear on Form 3877 if such notices were not actually
mailed.  Notably, the information on Form 3877 was copied from
the envelopes containing the notices of deficiency that were
mailed to petitioner, and the information on those envelopes was
copied directly from the actual notices of deficiency enclosed
therein.

In Pietanza v. Commissioner, supra, we held that respondent failed to prove the existence of a notice of deficiency where respondent was unable to produce a copy of the alleged notice of deficiency. Critical to our decision in Pietanza was the fact that the Commissioner failed to present any evidence corroborating the existence of the notice of deficiency, except for an uncertified Form 3877.

Petitioner's circumstances are distinguishable from those of the taxpayer in Pietanza v. Commissioner, supra. In the instant case, respondent presented a certified copy of Form 3877 and corroborating evidence; i.e., Ms. Brown's testimony, proving the existence of the notice of deficiency for the taxable years 1989 through 1991. Form 3877, coupled with the corroborating testimony of Ms. Brown and the absence of contrary evidence presented by petitioner, leads us to conclude that respondent has satisfied her burden of proving (1) the existence of a notice of deficiency for the taxable years 1989 through 1991 and (2) the mailing to petitioner on January 24, 1995, of the notices of deficiency for the taxable years 1989 through 1993. See Wiley v. United States, 20 F.3d 222, 227 (6th Cir. 1994) ("Form 3877 is highly probative evidence that the notice of deficiency was sent by certified mail, and in the absence of contrary evidence is sufficient to establish that fact."); Keado v. United States, 853 F.2d 1209, 1213 (5th Cir. 1988) (complete compliance with established procedures concerning certified mail and the use of

Form 3877 provides sufficient proof of mailing); <u>United States v. Zolla</u>, 724 F.2d 808 (9th Cir. 1984) (where Government destroyed all copies of the notice of deficiency, the Government proved that the "notices and assessments were properly made" based on Form 3877 and the absence of contrary evidence); <u>United States v. Ahrens</u>, 530 F.2d 781 (8th Cir. 1976) (where all copies of the notice of deficiency were lost, existence and mailing of the notice of deficiency were proved based on Form 3877 and supplemental evidence corroborating such form).

Finally, we address petitioner's contention that the notices of deficiency were not mailed to petitioner at her last known address.  Petitioner argues that the notices are invalid because they were mailed to Box 176A-2, Box 176AZ, and Box 76A-2, rather than to Box 176-A2.  We find the error in the notice of deficiency addressed to petitioner at Box 176A-2 to be an inconsequential error that does not compromise the validity of the notice of deficiency.  See <u>Occean v. Commissioner</u>, T.C. Memo. 1991-439 (where a notice of deficiency mailed to 765 Amsterdam Ave 2G, rather than to 765 Amsterdam Ave Apt 2G, the notice was valid because taxpayers did not prove a delay in delivery); <u>McMullen v. Commissioner</u>, T.C. Memo. 1989-455 (deficiency notice was mailed to taxpayer's last known address, notwithstanding a mistake in the spelling of the street name in the address to which the notice was mailed); <u>Kohilakis v. Commissioner</u>, T.C. Memo. 1989-366 (error in address of deficiency notice was so

minor that it would not have prevented delivery); Riley v. Commissioner, T.C. Memo. 1985-231 (same). Thus, we find that respondent mailed at least one copy of the notices of deficiency to petitioner at her last known address.

In any event, the errors in the address of the notices of deficiency mailed to petitioner in Ivanhoe, Texas, were rendered harmless by virtue of the fact that petitioner actually received all three copies of the notices of deficiency. An erroneously addressed notice of deficiency is valid if the taxpayer receives actual notice of respondent's deficiency determination in a timely fashion; i.e., without prejudicial delay. See Mulvania v. Commissioner, 81 T.C. 65, 67-68 (1983) (holding an erroneously addressed notice valid under section 6212(a) where taxpayer received the notice 16 days after it was mailed); Patmon & Young Professional Corp. v. Commissioner, T.C. Memo. 1993-143, affd. 55 F.3d 216 (6th Cir. 1995); Iacino v. Commissioner, T.C. Memo. 1992-111 (where a notice of deficiency mailed to 6221 East 42nd Avenue, rather than to 6211 East 42nd Avenue, resulted in actual notice without prejudicial delay, the notice was valid although misaddressed).

The record in the instant case reveals that petitioner was presented with the notices of deficiency about a week after they were mailed by respondent. Petitioner was directly asked by Ms. Russell, the Ivanhoe postmistress, whether petitioner intended to claim her certified mail, and petitioner refused delivery by

telling Ms. Russell that Ms. Russell could make whatever disposition she wished of petitioner's certified mail. Accordingly, we find that petitioner received actual notice of the notices of deficiency. Any errors attributable to respondent with respect to the address appearing in such notices were rendered harmless because of petitioner's refusal to claim her certified mail. See Erhard v. Commissioner, T.C. Memo. 1994-344, affd. 87 F.3d 273 (9th Cir. 1996) (taxpayer could not defeat actual notice by refusing delivery of deficiency notices).

Conclusion

Because notices of deficiency for the taxable years 1989 through 1993 were mailed to petitioner at her last known address, and because petitioner filed her petition in respect of such notices in an untimely fashion, we shall grant respondent's motion to dismiss.[5]

In order to reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.

---

[5] Our action in granting respondent's motion to dismiss will render moot certain motions filed by petitioner. Also, as previously mentioned, petitioner is not without a remedy even though she cannot pursue her case in this Court. In short, petitioner may pay the tax, file a claim for refund with the IRS, and if the claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).