# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 19, 2015          Decided June 19, 2015

No. 14-1004

LISA A. EDWARDS AND JOSEPH P. THOMAS,
APPELLANTS

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE,
APPELLEE

———

On Appeal from the Order of
the United States Tax Court

———

*Bruce E. Gardner* argued the cause and filed the briefs for appellants.

*Janet A. Bradley*, Attorney, U.S. Department of Justice, argued the cause for appellee. With her on the brief were *Tamara W. Ashford*, Acting Assistant Attorney General at the time the brief was filed, *Bruce R. Ellisen*, Attorney. *Bridget M. Rowan*, Attorney, entered an appearance.

Before: GARLAND, *Chief Judge*, and ROGERS and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* PILLARD.

PILLARD, *Circuit Judge*:  Both parties to this appeal agree that the tax court lacked jurisdiction to consider the petition filed by taxpayers Lisa Edwards and Joseph Thomas challenging the seizure of their funds by the Internal Revenue Service.  What they disagree about is why, and the reason turns out to make a great deal of difference.  According to the taxpayers, the tax court lacked jurisdiction because the IRS never sent them notices of deficiency, which are the documents the Service is required to send before it initiates proceedings to assess a tax deficiency, and which serve as taxpayers' "tickets" to tax court.  Prevailing on that ground could mean the taxpayers do not owe the taxes the IRS claims, and could entitle them to recover the costs they incurred to challenge the IRS's seizure of their property.  The IRS counters that it sent the taxpayers the notices of deficiency, and the tax court lacked jurisdiction because the taxpayers waited too long to file their petition.  Prevailing on that ground would leave the tax assessment undisturbed.  The IRS sought in the tax court to dispute the taxpayers' allegation that notices were never successfully sent to the taxpayers in the first place.  The IRS asserts that it could not provide the best evidence of that mailing because, when it sought to retrieve its own copies of the notices from storage, the package containing the notices was lost or misplaced.  Without that evidence, the tax court initially agreed with the taxpayers and dismissed their petition for lack of jurisdiction for want of notices of deficiency.  When the prevailing taxpayers moved for costs, however, the tax court vacated its decision and, in a second order, dismissed the case for lack of jurisdiction and denied costs.  Unlike the initial order, however, the second order did not state its grounds.  Because the tax court was required to articulate the basis for its jurisdictional dismissal, we vacate the tax court's order and remand for the court to do so.

3

**I.**

In 2009, the IRS selected the taxpayers' recent returns for examination and concluded that the taxpayers had a tax deficiency of more than $9,000 for tax year 2007 and that Thomas individually had a deficiency of more than $15,000 for 2008.[1] The IRS contends that on March 11, 2010, it mailed both of the taxpayers a notice of deficiency for 2007 and Thomas a notice of deficiency for 2008. The taxpayers contend, however, that they never received notices of deficiency for either year.

The Internal Revenue Code requires the IRS to follow specific procedures before it assesses and collects an income tax deficiency. The IRS must "send a notice of deficiency to a taxpayer prior to initiating proceedings to assess [a] deficiency." *Gardner v. United States*, 211 F.3d 1305, 1311 (D.C. Cir. 2000); *see also* I.R.C. §§ 6212(a), 6213(a).[2] The Code provides that the IRS may satisfy its obligation by mailing a notice to the taxpayer's last known address via certified or registered mail; there is no requirement that the IRS prove that the taxpayer actually received the notice. I.R.C. § 6212(a)-(b); *see also Keado v. United States*, 853 F.2d 1209, 1211-12 (5th Cir. 1988). After the IRS issues a notice of deficiency, a taxpayer typically has ninety days to file a Section 6213 petition in tax court challenging the deficiency. *See* I.R.C. § 6213(a); *Gardner*, 211 F.3d at 1311. The IRS cannot assess a tax deficiency or bring a collection

---

[1] Taxpayers Edwards and Thomas were married and filed a joint return for tax year 2007. They filed their federal taxes in 2008 as "married filing separately." Edwards's 2008 return is not at issue here.

[2] Unless otherwise specified, all statutory citations are to the Internal Revenue Code of 1986, as amended, codified in Title 26 of the U.S. Code.

action against the taxpayer unless it has sent a notice of deficiency to the taxpayer and either the ninety-day period for filing a tax court petition has run or, if the taxpayer has filed a petition, the tax court has rendered a final decision.[3] *Keado*, 853 F.2d at 1212; *see also* I.R.C. § 6213(a). The tax court does not have jurisdiction to consider a taxpayer's Section 6213 petition unless the IRS has first issued the taxpayer a notice of deficiency. *See, e.g.*, *Shepherd v. Commissioner*, 147 F.3d 633, 634 (7th Cir. 1998). The tax court also lacks jurisdiction if the taxpayer's petition is not timely filed. *See, e.g.*, *Correia v. Commissioner*, 58 F.3d 468, 469 (9th Cir. 1995); *Zigmont v. Commissioner*, 97 T.C.M. (CCH) 1202 (2009), 2009 WL 564949, at *4-5. A taxpayer who fails to file a timely petition in tax court is not without legal recourse. The taxpayer can pay the tax, file a claim for refund with the IRS, and, if the claim is denied, file a refund suit in federal district court or the court of claims. *See* I.R.C. § 7422.

The taxpayers filed a petition in the tax court in 2012, after the IRS retained several of their tax refunds and applied those funds to their outstanding tax liabilities. The petition alleged that the IRS violated due process of law by failing to issue notices of deficiency before assessing tax liabilities against the taxpayers and by failing to issue final notices of intent to levy before levying the taxpayers' assets. The IRS

---

[3] A deficiency is the difference between the amount of tax imposed by the tax code and the amount of tax shown on the taxpayer's return. I.R.C. § 6211(a); *Keado*, 853 F.2d at 1210 n.1. An assessment of a deficiency is a bookkeeping notation made when the IRS in its records establishes an account against the taxpayer. *Laing v. United States*, 423 U.S. 161, 170 n.13 (1976); *see also* I.R.C. § 6203. If the IRS fails properly to assess the tax, the taxpayer is not obligated to pay the tax. *Welch v. United States*, 678 F.3d 1371, 1376 (Fed. Cir. 2012); *see also* I.R.C. §§ 6213(a), 6401(a).

moved to dismiss the petition for lack of jurisdiction because it was filed more than ninety days after the Service sent the taxpayers notices of deficiency. The IRS, however, was unable to produce copies of the notices of deficiency that it claims to have sent because, it says, the administrative files containing copies of the notices were lost in the mail when the IRS attempted to retrieve them from storage. Instead, the Service produced a declaration from an IRS employee and a postal service mail log form as evidence that it had created and sent the notices to the taxpayers' last known addresses. The mail log did not indicate, however, what was mailed. The taxpayers opposed the IRS's motion and cross-moved for dismissal on the ground that the tax court lacked jurisdiction because the IRS never issued notices of deficiency. After a hearing, the tax court issued an order in June 2013, granting the taxpayers' motion and dismissing the case for lack of jurisdiction on "the ground that there has been no showing that a notice of deficiency has been issued to either [taxpayer] for any of the years placed in dispute in the petition." J.A. 171-72.

The case was then administratively closed before the taxpayers timely submitted their claim for litigation and administrative costs. The presiding tax court judge insisted that he could not consider the claim for costs unless he reopened the case and vacated his dismissal order. The taxpayers accordingly moved to vacate the tax court's order to obtain consideration of their motion for costs. The tax court held a hearing on the motion to vacate at which the judge made sure the taxpayers were aware that, if the order were vacated, the IRS might in the meantime locate the lost notices of deficiency and ask the court to revisit its jurisdictional ruling before the court could reinstate it together with a ruling on costs. The judge said he might well grant such a request, but added that he would not revisit his earlier ruling in the

absence of new evidence. The tax court then issued an order granting the motion to vacate, held in abeyance the renewed cross-motions to dismiss for lack of jurisdiction, and permitted the Service to oppose the motion for costs. The IRS conceded that the taxpayers were the prevailing party, but argued that the taxpayers were not entitled to some of the costs they claimed, and that the amounts they requested were, in any event, not reasonable. The IRS did not locate the lost files after the motion to vacate was granted.

In December 2013, the tax court issued an order denying the taxpayers' motion for costs and once again dismissing the petition for lack of jurisdiction. The tax court's December order of dismissal, however, was not as clear as its June order. The new order recounted the IRS's argument that the Service had issued and mailed the taxpayers notices of deficiency, and described the evidence the Service presented in support of that contention. The court then observed that the taxpayers disputed that the notices were issued. Unlike the first order, however, the December order did not resolve whether the notices had in fact been issued, but merely stated that it was "clear in this matter . . . that the Court has no jurisdiction over [the taxpayers' petition]." J.A. 251. The court went on to address the litigation costs question, denying the taxpayers' motion because the IRS's position was substantially justified. The court concluded that it was dismissing the case *sua sponte* for lack of jurisdiction, thereby mooting both parties' motions to dismiss. This appeal followed.

## II.

We "review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." I.R.C. § 7482(a)(1). We thus review the tax court's conclusions of

law *de novo* and its findings of fact for clear error. *Gaughf Props., L.P. v. Commissioner*, 738 F.3d 415, 420 (D.C. Cir. 2013). The taxpayers' primary contention on appeal is a legal question: whether the tax court erred by failing to explain in its December order why it lacked jurisdiction to hear the taxpayers' petition. We agree with the taxpayers that the tax court was under an obligation to state the basis of its dismissal and erred here by failing to do so.

The tax court is a court of limited jurisdiction, *Commissioner v. McCoy*, 484 U.S. 3, 7 (1987), and its jurisdiction is predicated on both the issuance of a notice of deficiency and the filing of a timely petition, *see* I.R.C. § 6213(a). The parties have identified two reasons the court might have lacked jurisdiction in this case: either, as the taxpayers contend, the IRS never mailed them notices of deficiency, or, as the Service argues, it issued such notices, but the taxpayers did not timely file their petition in the tax court. The two reasons are, however, factually mutually exclusive, and, while either leads to jurisdiction-based dismissal, the consequences of dismissal differ depending on the court's reasoning. *See D'Andrea v. Commissioner*, 263 F.2d 904, 906-07 (D.C. Cir. 1959). When faced with such a choice, as tax court precedent recognizes, that court is required to state whether it lacks "jurisdiction because no statutory notice of deficiency has been issued or because a valid notice was issued but the petition was not timely filed." *Pietanza v. Commissioner*, 92 T.C. 729, 735 (1989); *see also Pyo v. Commissioner*, 83 T.C. 626, 632, 639-40 (1984); *Shelton v. Commissioner*, 63 T.C. 193, 196-98 (1974). The tax court has also held that judges should resolve those issues in a particular order—they should first decide whether a notice of deficiency was properly issued before turning to whether the petition was timely filed. *Shelton*, 63 T.C. at 198.

Because the basis of dismissal may affect a taxpayer's rights or the IRS's ability to collect taxes owed, it is essential that the tax court clearly state the grounds for its dismissal. If the tax court determines that a notice of deficiency was not properly issued, then the IRS may not assess the deficiency or seek to collect it from the taxpayers. *See, e.g.*, *Keado*, 853 F.2d at 1212; *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984); *Shelton*, 63 T.C. at 195; *see also* I.R.C. § 6213(a). If the statute of limitations has already run, the IRS cannot simply correct its error by issuing a new notice of deficiency. In that event, the taxpayer's liability becomes unenforceable. Alternatively, if the court dismisses the case because the taxpayer did not file a timely petition, the Service is free to assess and collect the tax. *Pietanza*, 92 T.C. at 735; *Shelton*, 63 T.C. at 194, 197. Accordingly, the tax court must articulate the basis for its order to inform the parties of the rights and obligations it establishes.

The opacity of the tax court's December order is apparent when it is contrasted with the June order. The court's first dismissal order expressly denied the IRS's motion and granted the taxpayers' motion, specifying that the court lacked jurisdiction on "the ground that there has been no showing that a notice of deficiency has been issued to either [taxpayer] for any of the years placed in dispute in the petition." J.A. 171-72. The December order, by contrast, stated merely that it was "clear" that the court lacked jurisdiction, whether or not the notices of deficiency had been issued by the IRS. J.A. 251. The court's December denial of both parties' motions and its terse order undercut any contention that it resolved precisely why jurisdiction was lacking in this case. We therefore vacate the December order and remand this case to the tax court to give that court an opportunity to state its reasons for dismissing the petition.

The Service urges us to conclude that the tax court's December order found as a matter of fact that the notices of deficiency were issued and concluded that it lacked jurisdiction because the petition was not timely filed. But the portion of the order discussing the jurisdictional question only observed that the parties disputed whether the notices were issued, without announcing any resolution of the question. The IRS's interpretation of the December order takes out of context the court's statement that the evidence presented by the IRS "strongly suggest[ed]" that notices of deficiency were issued to the taxpayers, "even though the existence of those notices of deficiency cannot be supported by a review of a copy of them." *See* J.A. 252. The court made that statement when evaluating the motion for costs, which required the court to determine whether the IRS's position was substantially justified. In acknowledging the IRS's position as arguable, however, the court did not adopt it. That language does not support the Service's interpretation of the order.

The taxpayers, for their part, do not contend that the tax court ruled in their favor in its second order, but that it lacked the authority to rule against them. Their motion to vacate the June order was filed, they argue, for the "limited purpose" of seeking litigation costs, a collateral issue distinct from the underlying jurisdictional question. *See* J.A. 173. Without any reason to revisit its jurisdictional holding, the taxpayers assert that the tax court was bound by the jurisdictional holding of the June order. Because the basis for the court's December order is unclear, we cannot discern whether the tax court changed its mind between the two orders. Accordingly, we decline to consider the taxpayers' argument before the tax court has had an opportunity to explain clearly the grounds upon which its decision rests. When the copies of the notices themselves have been lost, determining whether notices ever

issued is a fact-intensive inquiry dependent on evidence of various circumstances, such as the IRS's regular practices for creating and mailing notices. *See, e.g.*, *Welch v. United States*, 678 F.3d 1371, 1379-82 (Fed. Cir. 2012); *United States v. Aherns*, 530 F.2d 781, 784-85 (8th Cir. 1976); *Pietanza*, 92 T.C. at 731-42; *Webb v. Commissioner*, 72 T.C.M. (CCH) 826 (1996), 1996 WL 558320, at \*5-6. The tax court has routine factfinding capabilities, and expertise and experience in evaluating just such evidence, so we leave it to the tax court to determine in the first instance the adequacy of any proof that the notices were in fact issued.

### III.

The taxpayers raise three other arguments on appeal that warrant only brief discussion. First, the taxpayers ask us to reverse the tax court's denial of their motion for costs. A prevailing party is not entitled to recover costs from the IRS if the Service's litigation position was "substantially justified." I.R.C. § 7430(c)(4)(B)(i). Evaluation of which party prevailed and, if the taxpayers prevailed, whether the IRS's position was justified, depends in large part on the adequacy of the evidence that the notices were issued. Because the costs claim will be affected by the grounds of the tax court's jurisdictional ruling, we vacate the tax court's denial of the taxpayers' motion for costs and leave it to the tax court to decide the taxpayers' motion anew, in light of the jurisdictional rationale it adopts.

The taxpayers also contend that the tax court overlooked the second argument raised in their petition. They assert that the IRS failed to mail them a final notice of levy for the 2007 and 2008 tax years before seizing their assets, in violation of the Internal Revenue Code and the Due Process Clause. *See* I.R.C. § 6330(a)(1). A final notice of levy permits a taxpayer

to request a collection due process hearing before the IRS's Appeals Office. *See id.* After such a hearing, the IRS issues the taxpayer a notice of determination, which permits the taxpayer to seek tax court review of the IRS's proposed levies. *See id.* § 6330(d)(1); *Boyd v. Commissioner*, 451 F.3d 8, 10-11 (1st Cir. 2006). Before the tax court, the parties agreed that no notice of determination had been issued, but did not explore the legal consequences of that fact. The tax court's December order did not address the taxpayers' alternative ground for jurisdiction. On remand, therefore, the tax court must first determine whether the parties have preserved their arguments concerning this issue. If so, it should explain whether it has jurisdiction over the taxpayers' claim that the IRS impermissibly failed to issue a final notice of intent to levy before levying the taxpayers' assets, and spell out the reasons for its jurisdictional holding. *Compare Boyd*, 451 F.3d at 10-11 (affirming the jurisdiction-based denial of a petition contending the IRS improperly denied taxpayers the process that would have led to a notice of determination), *with Kennedy v. Commissioner*, 116 T.C. 255, 261 (2011) (dismissing petition on jurisdictional grounds because the IRS failed to mail the required notice to taxpayer before filing a lien).

Finally, we lack jurisdiction to consider a new argument the taxpayers attempt to raise for the first time on appeal. The taxpayers state that taxpayer Thomas requested the IRS conduct a collection due process hearing concerning his 2008 tax liability after the taxpayers filed their petition in the tax court. According to the taxpayers, the IRS's Appeals Office conducted the hearing but impermissibly withheld a notice of determination following the hearing, which precludes Thomas from seeking tax court review of the IRS's decision. The taxpayers' counsel admitted at oral argument that he never asked the tax court to rule on this particular issue. Oral Arg.

Recording at 7:54-8:51. Consequently there is nothing for us to review. *See McCoy*, 484 U.S. at 6; *see also* Oral Arg. Recording at 8:43-8:51 (counsel conceding as much).

\* \* \*

For the foregoing reasons, we vacate the tax court's decision and remand for further proceedings consistent with this opinion.

*So ordered.*