**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1673
_____

ERIC D. CLARKSON,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. IRS-1: 27236-15)
Tax Court Judge: Honorable Michael B. Thornton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2016

Before: AMBRO, CHAGARES, and FUENTES, Circuit Judges

(Opinion filed: December 2, 2016)
_____

OPINION[*]
_____

FUENTES, Circuit Judge

    Appellant Eric Clarkson petitioned in Tax Court to challenge an Internal Revenue

Service ("IRS") levy notice. On motion by the IRS, the Tax Court dismissed Clarkson's

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

petition, deciding that it was not timely filed and, thus, that the Court lacked jurisdiction over it. Although we depart slightly from the Tax Court's reasoning, we will nevertheless affirm its judgment.

## I.

At issue in this case is part of the statutory process that the IRS follows before it can create a levy or commence an action arising out of unpaid taxes. We begin with section 6212 of the Internal Revenue Code. Subsections (a) and (b)(1) require the IRS to create and send a notice of deficiency—sometimes called a "90-day letter," and essentially an accounting of taxes owed for a given year—to the taxpayer's "last known address" by certified or registered mail. Proper mailing of the notice of deficiency triggers the 90-day window of section 6213(a), during which the taxpayer can challenge the alleged deficiencies by petitioning in Tax Court and, at the same time, the IRS is prevented from making an assessment or collection on the tax.[1] However, because the mailing of the notice is the triggering event, "receipt of the notice by the taxpayers is not required in order that the statutory filing period commence."[2] After the 90-day window closes, the IRS can pursue its assessment or levy, and the Tax Court loses jurisdiction to

---

[1] *See Robinson v. United States*, 920 F.2d 1157, 1158 (3d Cir. 1990).

[2] *Boccuto v. Comm'r*, 277 F.2d 549, 552 (3d Cir. 1960).

entertain a late petition from the taxpayer.[3]

## II.

Clarkson filed his Tax Court petition in October 2015, shortly after receiving notice that the IRS intended to levy his wages based on unpaid tax for the years 2003 through 2008. Among other arguments (which he later abandoned and which we need not discuss), Clarkson claimed that the IRS had not created and properly mailed to him notices of deficiency for those years. He therefore argued that the levy notice and attempts to collect were invalid.

The IRS moved to dismiss on the basis that Clarkson's petition, which was filed more than 90 days after the challenged notices of deficiency had been mailed, was untimely under section 6213(a). Accompanying the IRS's motion was the declaration of its attorney, through which several exhibits were introduced into the record.[4] The exhibits included notices of deficiency for the years in question and the corresponding certified mail forms—"Substitute PS Form 3877," a privately generated bulk version of

---

[3] *Edwards v. Comm'r*, 791 F.3d 1, 5 (D.C. Cir. 2015) ("The tax court is a court of limited jurisdiction . . . and its jurisdiction is predicated on both the issuance of a notice of deficiency and the filing of a timely petition."); *Robinson*, 920 F.2d at 1158, 1160.

[4] Clarkson now argues that it was improper for the Tax Court to consider the exhibits attached to the declaration, as the declaring attorney, who litigated the case in Tax Court, lacked personal knowledge of the facts contained in them. *See* Clarkson Br. 23. Although Clarkson, who proceeded *pro se* before the Tax Court, did refer to the exhibits as "hearsay," *see* App'x 220, his appellate counsel concedes that the IRS attorney's personal knowledge was not raised below. To the extent we can even reach the unpreserved argument, *see Rushing v. Kan. City S. Ry.*, 185 F.3d 496, 508 & n.11 (5th Cir. 1999), we see no error warranting reversal.

the standard certified mail receipt—reflecting that the notices were sent to Clarkson's address in Pemberton, New Jersey (the same address Clarkson was using on his Tax Court filings). Significantly, the final postmark reflected a date in early 2011, well more than 90 days before Clarkson's 2015 Tax Court petition was filed.

In his response to the IRS's motion, Clarkson identified alleged deficiencies in the PS 3877 mail forms, such as missing entries for the name of the issuing IRS employee and for the number of pieces received at the post office. These omissions, he claimed, "prov[ed] that [the IRS] did not mail out the [notices] . . . as required by" section 6212.[5] Clarkson also said that he had tried to input the certified mail numbers into the online tracker at usps.com and had received either "not found" messages or information that clearly contradicted the dates and information on the IRS's exhibits.[6]

The Tax Court sided with the IRS, granting its motion to dismiss. Deeming the postal forms "properly completed," the Tax Court found that Clarkson had not met his burden to show that the IRS had failed to mail the notices of deficiency to his last known address.[7] Since Clarkson's petition was therefore filed far outside of the 90-day window, the Court dismissed for lack of jurisdiction.

III.

On appeal, Clarkson again trains his sights on the PS 3877 forms, arguing that an

---

[5] App'x 232–33.

[6] *See* App'x 231–32.

improperly completed form fails to trigger a presumption of regularity in the IRS's

mailing practices. We have jurisdiction under 26 U.S.C. § 7482(a)(1) and review the Tax

Court's determination of its own subject matter jurisdiction *de novo*.[8]

Although Clarkson's argument is narrow and somewhat technical, it is not without

some possible weight. The Tax Court has held elsewhere that "*exact compliance* with

Postal Service Form 3877 mailing procedures raises a presumption of official regularity

in favor of the Commissioner and is sufficient, absent evidence to the contrary, to

establish that a notice of deficiency was properly mailed."[9] Assuming without deciding

---

[7] App'x 4.

[8] *Sunoco Inc. v. Comm'r*, 663 F.3d 181, 185 (3d Cir. 2011). We may affirm on any basis supported by the record. *See ACM P'ship v. Comm'r*, 157 F.3d 231, 249 n.33 (3d Cir. 1998). The IRS's motion was authorized by Tax Court Rules 13(c), 40, 50, and 53, which when taken together allow motions to dismiss for lack of jurisdiction due to the untimely filing of a Tax Court petition. The Tax Court appropriately allowed the parties to augment the record with exhibits and considered those exhibits in resolving the factual challenge to its jurisdiction. *See Redman v. Comm'r*, 820 F.2d 209, 211 (6th Cir. 1987) (treating Tax Court motion to dismiss for lack of jurisdiction as analogous to factual jurisdictional challenge under Fed. R. Civ. P. 12(b)(1)); *cf. Davis v. Wells Fargo*, 824 F.3d 333, 346, 349 (3d Cir. 2016) (discussing review of factual challenges to jurisdiction presented via Fed. R. Civ. P. 12(b)(1) motions).

We note that the Tax Court would have lacked jurisdiction no matter who prevailed below. Had the Tax Court agreed with Clarkson, the IRS's failure to properly mail the notices of deficiency would have deprived the Court of jurisdiction. *See Delman v. Comm'r*, 384 F.2d 929, 934 (3d Cir. 1967) ("It is true that unless a notice of deficiency is mailed to the taxpayer the Tax Court may not acquire jurisdiction over the cause."). Such an outcome, however, would have also affected the IRS's ability to assess and collect. Thus, the "consequences of dismissal [would] differ depending on the [Tax C]ourt's reasoning." *Edwards*, 791 F.3d at 6.

[9] *Hoyle v. Comm'r*, 136 T.C. 463, 468 (2011) (emphasis added).

that the missing elements identified by Clarkson amount to something less than "exact compliance,"[10] they call into question the Tax Court's conclusion here that the substitute PS 3877 forms were "properly completed" and thus that the IRS is to be afforded its presumption of proper mailing.

Even without its presumption, however, the IRS can still prevail so long as it provides "otherwise sufficient" evidence of mailing.[11]  Broadly speaking, the more documentation presented by the IRS, the less likely that minor errors or omissions will defeat its proffer.[12]  And when "the existence of a notice of  deficiency is not in dispute," as is the case here, all that is required is "evidence corroborating an actual timely mailing of the notice of deficiency."[13]

The relevant case law falls decisively in favor of the IRS, even in those instances where the omissions or errors were more egregious than those identified by Clarkson here.  In *O'Rourke v. United States*, for instance, the Second Circuit decided that a "torn,

---

[10] We observe that section 4.8.9.11.3 of the Internal Revenue Manual, which is available at https://www.irs.gov/irm/part4/irm_04-008-009-cont01.html (last visited Nov. 16, 2016), appears to set forth requirements for Form 3877 completion that do not include the deficiencies identified by Clarkson.  Other courts, though, have found that the failure of the PS 3877 form to reflect the number of pieces of mail received by the Post Office "render[s] [the form] improperly completed."  *O'Rourke v. United States*, 587 F.3d 537, 541 (2d Cir. 2009) (per curiam).  We will proceed under the assumption that it does.

[11] *Welch v. United States*, 678 F.3d 1371, 1377 (Fed. Cir. 2012).

[12] *See id.* at 1377–78 (collecting cases; among them, *Coleman v. Comm'r*, 94 T.C. 82, 91–92 (1990)).

[13] *Id.*

partial copy of the notice [of deficiency] and a certified mail log"—the former was unsigned and incomplete, and the latter failed to set forth the number of mailed items and did not contain a postal employee's signature—passed the "otherwise sufficient" threshold.[14] The Tenth Circuit followed *O'Rourke* in *Cropper v. Commissioner*, holding that the IRS had provided otherwise sufficient evidence when 1) the PS 3877 forms exhibited the same "minor defects" as those in *O'Rourke*, but otherwise showed the date they were submitted to the Postal Service for mailing; and 2) the IRS had produced copies of the relevant notices of deficiency.[15] By contrast, in *Knudson v. Commissioner*, a Tax Court case cited by Clarkson, the petitioner overcame an IRS motion for summary judgment when, in addition to those "minor defects," the "PS Form 3877 in the record relating to the notice of deficiency . . . d[id] not identify the listed items as notices of deficiency or the years to which the documents relate."[16] *Knudson* is thus plainly distinguishable.

Here, all notices of deficiency appear to be accounted for. The PS 3877 omissions identified by Clarkson are comparatively minor; each form bears the appropriate signature, corresponds with a notice of deficiency elsewhere in the record, and shows the date of mailing. Clarkson does not contend to the contrary. Accordingly, we have no

---

[14] *O'Rourke*, 587 F.3d at 540–42.

[15] *Cropper v. Comm'r*, 826 F.3d 1280, 1286 (10th Cir. 2016). We note, as did the IRS, that *Cropper* was brought by the same attorney who now represents Clarkson.

[16] *Knudsen v. Comm'r*, T.C. Memo 2015-69, 14–15 (2015).

trouble concluding that the IRS has produced otherwise sufficient evidence to prevail on its motion to dismiss.[17]

IV.

In light of the above, we agree with the Tax Court that Clarkson's petition was filed after the jurisdictional 90-day period had run. The Tax Court therefore lacked jurisdiction, and we will affirm its order dismissing Clarkson's petition.

---

[17] Clarkson's sole riposte involves his efforts to use usps.com to track each of the certified mail numbers. *See* Clarkson Br. 18–19. The IRS argues that USPS records are not kept in perpetuity. *See* IRS Br. 28–29. In any event, Clarkson's exhibits would not affect our decision in this context.