# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-1017**

**September Term, 2024**

FILED ON: NOVEMBER 20, 2024

JIM P. HARPER AND MURRIE L. HARPER,
APPELLANTS

v.

COMMISSIONER OF INTERNAL REVENUE,
APPELLEE

---

Appeal from the United States Tax Court

---

Before: PILLARD and GARCIA, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*

## **J U D G M E N T**

The Court considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs of the parties and court-appointed amicus. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the orders of the Tax Court, filed on March 11, 2023 and May 23, 2023, be affirmed.

## I

Jim and Murrie Harper, residents of Georgia, filed a petition disputing a 2019 tax collection. The United States Tax Court dismissed the petition for lack of jurisdiction — and then declined to vacate or revise the dismissal — because the Harpers had not produced an IRS notice of deficiency necessary to give it jurisdiction and because the IRS had confirmed it could not find any such notice. On June 21, 2022, the Harpers filed a timely notice of appeal with the Tax Court specifying that they wanted this court to hear their appeal.

The Tax Court then erroneously transmitted the Harpers' appeal to the United States Court of Appeals for the Eleventh Circuit. Tax Ct. R. 191 ("The Clerk will . . . forward [the record on appeal] to the Clerk of the Court of Appeals pursuant to the notice of appeal filed with the Court"). After the Harpers failed to get the Tax Court to rescind that transmission and to send

1

the appeal to this court, the Eleventh Circuit dismissed the Harpers' appeal for want of prosecution. On October 28, 2022, after expiration of the 90-day period in which a notice of appeal must be filed, 26 U.S.C. § 7483, the Harpers filed a second notice of appeal, which the Tax Court properly transmitted to this court. The parties have not, however, jointly filed a written stipulation with this court agreeing that venue in this court is proper, as required by 26 U.S.C. § 7482(b)(2).

## II

We have jurisdiction to hear this appeal — despite the Tax Court's erroneous transmittal of the Harpers' notice to the Eleventh Circuit — because the Harpers' first notice was timely and properly filed with the Tax Court. The Harpers' original notice of appeal sufficiently disclosed their intent to appeal the Tax Court's decision to this court rather than the Eleventh Circuit by naming this court in the penultimate paragraph. *See* Fed. R. App. P. 3(c) (notice of appeal must "name the court to which the appeal is taken"). We therefore gained jurisdiction to hear this appeal upon the filing of that notice with the Tax Court. *See* 26 U.S.C. § 7483 (review "shall be obtained by filing a notice of appeal with the clerk of the Tax Court").

Venue to entertain the Harpers' appeal, however, is not proper here because the parties have not stipulated to it in writing. *See* 26 U.S.C. § 7482(b) (venue is proper in the court of appeals for the circuit in which the petitioner is a resident or any court of appeals stipulated to in writing). There being no such  stipulation, the proper venue for the Harpers' appeal is the Eleventh Circuit because that is where the Harpers reside.

In these circumstances, we may transfer the appeal to the circuit in which venue is proper if doing so is "in the interest of justice." *See Alexander v. Comm'r*, 825 F.2d 499, 502 (D.C. Cir. 1987); *Hadera v. I.N.S.*, 136 F.3d 1338, 1341 (D.C. Cir. 1998). It is not "in the interest of justice" to transfer this case, however, because the appellants' claims "suffer from serious substantive defects." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 785 (D.C. Cir. 1983).

Indeed, the Harpers' failure to produce the required notice of deficiency, a threshold step to initiate proceedings in the Tax Court, is fatal to their case. *Edwards v. Comm'r*, 791 F.3d 1, 3-4 (D.C. Cir. 2015) ("The tax court does not have jurisdiction to consider a taxpayer's Section 6213 petition unless the IRS has first issued the taxpayer a notice of deficiency"). The Harpers have not produced this notice and the Commissioner has confirmed that there is no such notice. This jurisdictional barrier cannot be addressed through transfer to the Eleventh Circuit, so it is in the interest of justice to affirm the dismissal of this case here and now.

\*     \*     \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

                **FOR THE COURT:**
                Mark J. Langer, Clerk

BY:    /s/
          Daniel J. Reidy
          Deputy Clerk